**DEREK SMITH LAW GROUP, LLP**
Matt E.O. Finkelberg, (SBN 329503)
633 West 5th Street, Suite 3250
Los Angeles, CA 90071
Telephone:     (310) 602-6050
Facsimile:     (310) 602-6350
Email:         matt@dereksmithlaw.com

*Attorneys for Plaintiff JANE DOE*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an Individual Woman,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALVIN BROADUS AKA "SNOOP DOGG", individually; DONALD CAMPBELL AKA "BISHOP DON MAGIC JUAN", individually; GERBER & CO, INC.; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; and MERRY JANE EVENTS, INC.;<br><br>    Defendants. | Case No. 2:22-cv-00900<br><br>COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES<br><br>1.   Trafficking Victims Protection Act 18 U.S.  Code § 1591<br>2.   Sexual Battery<br>3.   Sexual Assault<br><br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Jane Doe, by and through her attorneys, Derek Smith Law Group, LLP, hereby complains of Defendants CALVIN BROADUS AKA "SNOOP DOGG", individually; DONALD CAMPBELL AKA "BISHOP DON MAGIC JUAN", individually; GERBER & CO, INC.; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; and MERRY JANE EVENTS, INC. upon information and belief, as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this action charging Defendants violated Plaintiff's rights pursuant to, inter alia, Trafficking Victims Protection Act 18 U.S. Code § 1591, and laws of the State of California, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff suffered as a result of being sexually assaulted and battered.

## JURISDICTION AND VENUE

2.      Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under 18 U.S. Code § 1591.  The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3.     Additionally, 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4.     This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under California law form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with Plaintiff's federal law claims, and the parties are identical.

5.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Central District of California because as described further herein, a substantial part of the events or omissions giving rise to the claims herein occurred in Los Angeles County, State of California and within the Judicial District for the Central District of California. Moreover, Plaintiff resides in this District, and DEFENDANTS operate their business in this District.

6.     Accordingly, this action properly lies in the Central District of California pursuant to 28 U.S.C. 1391.

## THE PARTIES

7.     At all times relevant for purposes of this Complaint, Plaintiff, JANE DOE ("Plaintiff") has been a resident of the State of California.

8.    Plaintiff is a sexual assault victim and is identified herein as JANE DOE. Please see *Doe v. Blue Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 872 (7th Cir.1997) ("fictitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses"). Additionally, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y.2006); *see also Doe v. Evans,* 202 F.R.D. 173, 176 (E.D.Pa.2001) (granting anonymity to sexual assault victim). Doe v Penzato, CV10-5154 MEJ, 2011 WL 1833007, at *3 [ND Cal May 13, 2011]

9.    At all times material, Defendant GERBER & CO, INC. ("GERBER") was and is a corporation doing business in the State of California, with their principal place of business located at 1880 Century Park East #200, Los Angeles, CA 90067. Defendant GERBER held supervisory authority over Plaintiff, controlling various tangible aspects of Plaintiff's employment, including the ability to hire and fire Plaintiff.

10.    At all times material, Defendant SNOOP DOGG'S LLC ("SNOOP") was and is a corporation doing business in the State of California, with their principal place of business located at 1880 Century Park East #200, Los Angeles, CA 90067. Defendant SNOOP held supervisory authority over Plaintiff, controlling various tangible aspects of Plaintiff's employment, including the ability to hire and fire Plaintiff.

11. At all times material, Defendant THE BROADUS COLLECTION, LLC ("COLLECTION") was and is a corporation doing business in the State of California, with their principal place of business located at 1880 Century Park East #200, Los Angeles, CA 90067. Defendant COLLECTION held supervisory authority over Plaintiff, controlling various tangible aspects of Plaintiff's employment, including the ability to hire and fire Plaintiff.

12. At all times material, Defendant CASA VERDE CAPITAL, LLC ("CAPITAL") was and is a corporation doing business in the State of California, with their principal place of business located at 750 N San Vicente Blvd. #800, West Hollywood, CA 90069. Defendant CAPITAL held supervisory authority over Plaintiff, controlling various tangible aspects of Plaintiff's employment, including the ability to hire and fire Plaintiff.

13. At all times material, Defendant MERRY JANE EVENTS, INC. ("EVENTS") was and is a corporation doing business in the State of California, with their principal place of business located at 2058 N Mills Ave #441, Claremont, CA 91711. Defendant EVENTS held supervisory authority over Plaintiff, controlling various tangible aspects of Plaintiff's employment, including the ability to hire and fire Plaintiff.

14. At all times material, Defendant CALVIN BROADUS AKA "SNOOP DOGG" ("SNOOP DOGG") was and is the Owner of Defendants GERBER, SNOOP, COLLECTION, CAPITAL, and EVENTS. Defendant SNOOP DOGG held

supervisory authority over Plaintiff, controlling various tangible aspects of Plaintiff's employment including the ability to hire and fire Plaintiff.

15.    At all times material, Defendant DONALD CAMPBELL AKA "BISHOP DON MAGIC JUAN" ("CAMPBELL") was and is the Spiritual Advisor, employee, agent, representative, and servant for Defendants SNOOP DOGG, SNOOP DOGG'S LLC; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; MERRY JANE EVENTS, INC.; and GERBER.

16.    Each DEFENDANT sued in this action acts and acted, in all respects pertinent to this action, as the agent of the other DEFENDANTS, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each DEFENDANT are legally attributable to the other DEFENDANTS

17.    Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over Plaintiff.  Each Defendant had the power to hire and fire Plaintiff, supervise and control Plaintiff's work schedule and/or conditions of employment, determine Plaintiff's rate of pay, and maintain Plaintiff's employment records.  Defendants suffer or permit Plaintiff to work and/or "engage" Plaintiff so as to create a common law employment relationship.  As joint employers of Plaintiff, Defendants are jointly and severally liable for all relief available to Plaintiff under the law.

18.     At all times material, Plaintiff was and is a female residing in the State of California.

19.     Defendants were Plaintiff's joint employers and/or prospective employers.

## FACTS COMMON TO ALL CAUSES OF ACTION

20.     At all times material, Plaintiff was and is a female residing in the State of California.

21.     Throughout Plaintiff's career, Plaintiff has worked as a professional dancer, model, actress, host, and spokesmodel for Muse Ink Festival, Comedy Central, and CNN.

22.     For several years, Plaintiff worked for and performed with Defendant SNOOP DOGG, Defendant CAMPBELL, and other rappers who toured with Defendant SNOOP DOGG such as Weston Frye, Lil' Nate Dogg, Kurrupt, Sugar Free, and Warren G.

23.     Defendants SNOOP DOGG and CAMPBELL employed Plaintiff as a dancer on stage as part of their concerts.

24.     Plaintiff obtained exposure as a Dancer for Defendants which allowed Plaintiff to obtain sponsorships, modeling jobs, and event hosting.

25.     Defendant CAMPBELL would tell Plaintiff, "***Snoop wants you here***," "***This will make you go viral***," and "***This is for your career***."

26.     In addition to this, Plaintiff received gifts from Defendant SNOOP DOGG, CAMPBELL, other rappers, and sponsors in exchange for performing on stage and dancing with them at their shows.

**Defendant SNOOP DOGG's History of Sexual Abuse, Harassment, Threatening of Females, and Retaliation**

27.     Defendant SNOOP DOGG has a long history of sexually abusing women, retaliating against and threatening them when they complain, and terminating employees who object to his unlawful conduct.

28.     This history demonstrates a continuous pattern of sexual abuse, reckless indifference for the rights of others, and retaliatory threats and conduct when others object to unlawful conduct. This information further supports punitive damages and is admissible under F.R.E. 415. It also demonstrates that in keeping with SNOOP DOGG's pattern of conduct, he is likely to retaliate against and possibly harm Plaintiff JANE DOE for her opposition to his sexual assault. This is another reason for Plaintiff's anonymity. Furthermore, to the extent SNOOP DOGG takes any retaliatory action against Plaintiff JANE DOE, Plaintiff hereby claims retaliation for exercising her rights as stated herein. It is anticipated that SNOOP DOGG will sue Plaintiff JANE DOE for extortion just as he did to Kylie Bell in an effort to intimidate her. Plaintiff claims unlawful retaliation in the event of such lawsuit.

29.     Defendant SNOOP DOGG refers to himself as a "Pimp."  In an interview with *Rolling Stone*, Defendant SNOOP DOGG said that in 2003, "***I put an organization together.  I did a Playboy tour, and I had a bus follow me with ten bitches on it.  I could fire a bitch, fuck a bitch, get a new ho: it was my program.  City to city, titty to titty, hotel room to hotel room, athlete to athlete, entertainer to entertainer…I get a couple of their players to come hang out, pick and choose, and whichever one you like comes with a number.  A lot of athletes bought puss from me…I dreamed of being a pimp***."

30.     Around January 28, 2005, a Emmy winning makeup artist named Kylie Bell stated in a filed lawsuit against Defendant SNOOP DOGG that on January 31, 2003, "she had been drugged," and that "[Defendant SNOOP DOGG] raped Bell in violation of Penal Code section 261."  Bell was told not to tell police because "[Defendant SNOOP DOGG] **was a gang member and that he would send someone to kill her if she reported the incident to the police**."

31.     Around December 10, 2004, in an attempt to further intimidate and prevent Ms. Bell from filing a lawsuit against Defendant SNOOP DOGG for rape, Defendant SNOOP DOGG filed his own retaliatory preemptive lawsuit against Ms. Bell for extortion.

32.     Around January of 2014, three of Defendant SNOOP DOGG's bodyguards complained that they were not being paid for overtime in violation of

California labor code. Defendant SNOOP DOGG terminated them in retaliation for their complaints.

33.     Defendant SNOOP DOGG's threatened female rapper, Iggy Azalea, by saying, "***Now I said what I said bitch now let it go before I go all in on ya pink punk ass yeah u bitch!!***," and "***Say Bitch.  You're fucking with the wrong n\*\*ga! And your n\*\*ga betta check you before I do.  You fucking bitch.  Yeah, you fucking cunt.***"

34.     Around February of 2020, after an interview in which female CBS News Anchor, Gayle King, discussed the sexual allegations against Kobe Bryant, Defendant SNOOP DOGG threatened Ms. King's safety by saying, "***I wanna call you one…Funky, dog-haired bitch, how dare you try and tarnish my motherfucking homeboy's reputation, punk motherfucker…Respect the family and back off bitch, before we come get you***."

35.     In response to the allegations made against Bill Cosby for rape, drug-facilitated sexual assault, sexual battery, and child sexual assault spanning over decades, Defendant SNOOP DOGG posted a picture on his Instagram account in which he said, "***Free bill Cosby***."

36.     Throughout Defendant SNOOP DOGG's career, he opened his concerts by saying, "***Girls.  Do you want me to make you famous?  Then get down on both knees, bitch***."

37.     As can be seen from the above, Defendant SNOOP DOGG engages in a pattern and practice of sexually assaulting women, threatening women, and retaliating against those who oppose unlawful behavior.

38.     The following public background on Defendant SNOOP DOGG is further evidence on why Plaintiff should be allowed to proceed as a JANE DOE. The following public background is also relevant as to why Plaintiff did not fight Defendant SNOOP DOGG when he sexually assaulted her. It is also relevant to Plaintiff's claim of estoppel with regard to certain Statutes of Limitations out of fear of coming forward. Plaintiff claims estoppel with regard to certain Statutes of Limitations in light of unconscionable acts that deterred her from filing claims as required to state theory of estoppel. <u>Bianco v Warner</u>, 221CV03677FLAMARX, 2021 WL 4840470 [CD Cal Oct. 7, 2021]

39.     Lastly, it is evidence of Defendant SNOOP DOGG's reckless disregard for others and going to his credibility:

- Defendant Snoop Dogg was arrested and charged with the murder of a member of a rival gang who was allegedly shot and killed by Snoop Dogg's bodyguard. Defendant Snoop Dogg was purportedly driving the vehicle from which the gun was fired.

- In July 1993, Defendant Snoop Dogg was stopped for a traffic violation and a firearm was found by police during a search of his car.

- In February 1997, Defendant Snoop Dogg pleaded guilty to possession of a handgun.

- Defendant Snoop Dogg was arrested in October 2006 at Bob Hope Airport in Burbank after being stopped for a traffic infraction. He was arrested for possession of a firearm and for suspicion of transporting an unspecified amount of marijuana, according to a police statement.

- The following month, after taping an appearance on *The Tonight Show with Jay Leno,* he was arrested again for possession of marijuana, cocaine and a firearm. Two members of Snoop's entourage, according to the Burbank police statement, were admitted members of the Rollin 20's Crips gang, and were arrested on separate charges.

- In April 2007, he was given a three-year suspended sentence, five years' probation, and 800 hours of community service after pleading no contest to two felony charges of drug and gun possession by a convicted felon.

- On April 26, 2006, Snoop Dogg and members of his entourage were arrested after being turned away from British Airways' first class lounge at Heathrow Airport in London, England. Snoop and his party were denied entry to the lounge due to some members flying in economy class.

After being escorted outside, the group got in a fight with the police and vandalized a duty-free shop. Seven police officers were injured during the incident.

**Snoop Dogg's Sexual Assault On Plaintiff**

40.     Around May 29, 2013, Plaintiff JANE DOE and her friend attended one of Defendant SNOOP DOGG's shows at Club Heat Ultra Lounge, a night club in Anaheim, CA. While at the show Plaintiff and her friend entered the VIP room where they ran into Defendant CAMPBELL.

41.     By way of background, Defendant CAMPBELL is a former "Pimp" and creates fear in women. Defendant CAMPBELL, referred to the "girls" who "worked" for him that "got out of line," by stating, "***You have to create fear in that female. You have to tell her that if she do something wrong that you going to kill her.  And you have to instill this into her to when she do something wrong, and you whooping her and checking her, that she says to you, 'Daddy, Please don't kill me like you said you was***."  Defendant CAMPBELL is Defendant SNOOP DOGG's "Spiritual Advisor."

42.     That night, Defendant CAMPBELL invited Plaintiff and Plaintiff's friend to go back to Defendant SNOOP DOGG's studio with Defendants CAMPBELL and SNOOP DOGG. Plaintiff and Plaintiff's friend agreed and went with Defendants CAMPBELL and SNOOP DOGG.

43.     Later that same night, Plaintiff's friend left around midnight, leaving Plaintiff alone with Defendants CAMPBELL and SNOOP DOGG. Defendant CAMPBELL offered to Plaintiff, "I can take you home or I can take you back to my place with me." Plaintiff asked Defendant CAMPBELL to drop her off at her home.

44.     Shortly thereafter, Plaintiff left with Defendant CAMPBELL and fell asleep in the car. When Plaintiff awoke, Plaintiff was still in the car with Defendant CAMPBELL. After a short time, Plaintiff and Defendant CAMPBELL arrived at Defendant CAMPBELL's home despite Plaintiff's request that she be dropped off at her home. Plaintiff was exhausted and fell asleep at Defendant CAMPBELL's home.

45.     Around 4:00 AM the next morning, Plaintiff awoke to Defendant CAMPBELL turning Plaintiff to face Defendant CAMPBELL. Defendant CAMPBELL removed his penis from his pants and forced his penis in Plaintiff's face. Defendant CAMPBELL repeatedly shoved his penis into Plaintiff's mouth. Defendant CAMPBELL's penis was flaccid as he was forcing his penis into Plaintiff's mouth.   After some time, Defendant CAMPBELL turned away from Plaintiff leaving her alone.

46.     Defendant CAMPBELL discriminated against and harassed Plaintiff because of Plaintiff's sex and gender.

47.     Defendant CAMPBELL sexually harassed, sexually assaulted, and sexually battered Plaintiff.

48.     Subsequently, Defendant CAMPBELL told  Plaintiff, "***Here, put this dress on***."  Plaintiff was not feeling well, and replied, "***Can't I sleep? I don't feel well***." Defendant CAMPBELL insisted, "***Put the dress on***", "***let's go to Snoop's videotaping. I want to see if he will make you the weather girl***," and "***C'mon Snoop wants you there***." Defendant CAMPBELL urged Plaintiff, "***Snoop wants you there. Let's go. This is a career move***." Plaintiff complied in hopes of advancing her career.

49.     Plaintiff and Defendant CAMPBELL arrived at the recording studio where Defendant SNOOP DOGG filmed his television series, *Snoop Dogg's Double G News Network*. While waiting for production to begin, Plaintiff observed the view out the window when Plaintiff made eye contact with Defendant SNOOP DOGG in a window across the way. Defendant SNOOP DOGG leered at Plaintiff, undressing her with his eyes.

50.     Shortly thereafter, Plaintiff had a stomachache and went to the bathroom. While Plaintiff was on the toilet, Defendant SNOOP DOGG opened the door to the bathroom while Plaintiff was on the toilet. He then shut the door with him between the door and Plaintiff on the toilet. Standing with his crotch in Plaintiff's face, while Plaintiff was defecating on the toilet, Defendant SNOOP DOGG removed his penis from his pants and grabbed Plaintiff's shoulder, and ordered Plaintiff, "***Put it in your mouth***." Plaintiff was panicked and terrified. She further recalled Defendant SNOOP DOGG's criminal history including his alleged gang affiliation and previous rape

allegations, and reluctantly complied with Defendant SNOOP DOGG afraid for her safety and for her life.

51.     After a few minutes, Defendant SNOOP DOGG withdrew his penis from Plaintiff's mouth, visibly unsatisfied with Plaintiff's reluctance and disgust of being forced to engage in oral sex with Defendant SNOOP DOGG, Defendant SNOOP DOGG proceeded to masturbate and ejaculated on Plaintiff's upper chest and lower neck. Defendant SNOOP DOGG stated, "*I'll be back, I'll get you something to clean up with*" and left the bathroom.  Defendant SNOOP DOGG never returned. He left Plaintiff there humiliated, terrified and panicked.

52.     Defendant SNOOP DOGG sexually harassed, sexually assaulted, and sexually battered Plaintiff.

53.     Defendant SNOOP DOGG subjected Plaintiff to *quid pro quo* harassment.

54.     Defendant SNOOP DOGG's actions were sexually predatorial. Plaintiff found herself thinking about her job security if she displeased Defendant SNOOP DOGG. Plaintiff felt pressured by Defendant SNOOP DOGG due to his dominance, and his position of power over her, including his ability to hire and fire her and ensure that she would never be hired in his industry again.

55.     Defendant SNOOP DOGG sexually assaulted and sexually battered Plaintiff.

56.     Shortly thereafter, Plaintiff, shocked, embarrassed, abandoned, and dejected, cleaned herself off in the bathroom sink and exited the bathroom. Plaintiff turned right and locked eyes with Defendant SNOOP DOGG who, once again, leered at Plaintiff. Plaintiff feared for her life and job security and walked away.

57.     Shortly thereafter, Defendant CAMPBELL spotted Plaintiff wandering the studio and waved her over to Defendants CAMPBELL and SNOOP DOGG. Defendant CAMPBELL insisted, "***Come here! Take a picture with Snoop!***" Plaintiff, mortified and fearing for her safety, walked over to Defendant SNOOP DOGG and stood next to him for a picture. Defendant CAMPBELL took a picture of Plaintiff with Defendant SNOOP DOGG before removing her out from the studio.

58.     Defendant SNOOP DOGG failed to hire Plaintiff because Plaintiff refused to willingly and enthusiastically give oral sex to Defendant SNOOP DOGG.

59.     Defendants SNOOP DOGG and CAMPBELL abused their power as Plaintiff's superiors and sexually assaulted and battered Plaintiff.

60.     Plaintiff felt emotionally overwhelmed, anxious and violated.

61.     Defendants' actions and conduct were directed at intentionally harming Plaintiff.

62.     As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff has suffered anxiety, stress, depression, nightmares, sleep disturbances, post-traumatic stress, headaches, severe emotional distress and physical ailments.

63.    Defendants sexually harassed, assaulted, and battered Plaintiff.

64.    Defendants engaged in *quid pro quo* sexual harassment.

65.    Defendants SNOOP DOGG and CAMPBELL discriminated against and harassed Plaintiff because of Plaintiff's sex and gender; retaliated against Plaintiff for refusing to engage in a sexually intimate relationship and failed to hire Plaintiff.

66.    Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, EVENTS and GERBER sexually harassed, sexually assaulted, and sexually battered Plaintiff.

67.    Around December 20, 2021, Plaintiff obtained a Right to Sue from the Department of Fair Employment and Housing against Defendants SNOOP DOGG, CAMPBELL, SNOOP, COLLECTION, CAPITAL, and EVENTS.

68.    Plaintiff and Defendants agreed to attempt to resolve this dispute through a private mediation which took place on February 8, 2022 and finished early in the morning on February 9, 2022.

69.    The mediation was unsuccessful. Immediately after the mediation ended, and in direct retaliation for Plaintiff's complaints of sexual assault and sexual battery, Defendant SNOOP DOGG posted the below image on his Instagram, calling Plaintiff a "***Gold digger***," while including emoji's of a judge and police officer, obviously threatening Plaintiff that he will take similar action against Plaintiff that Defendant SNOOP DOGG did with Ms. Bell.





70.     Defendants disparately treated, disparately impacted, harassed and discriminated against Plaintiff because of Plaintiff's sex and gender; subjected Plaintiff to a hostile work environment and sexual harassment; failed to hire and retaliated against Plaintiff because of Plaintiff's sex and gender, and because Plaintiff failed to willingly and enthusiastically participate in the oral sexual rape of Plaintiff.

71.     As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer from anxiety, loss of sleep, stress, and severe emotional distress.

72.     Because of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, bonuses, benefits, and other compensation, which such employment entails. Plaintiff has also suffered pecuniary

losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

73.     As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants.

74.     Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

75.     Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting conditions as a result of Defendants' discriminatory conduct.

76.     Plaintiff claims actual discharge and wrongful termination.

77.     Plaintiff claims alternatively (in the event Defendant Claims so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable laws pertaining to Independent Contractors.  Furthermore, in such, case, Plaintiff claims that Defendant owed and breached its duty to Plaintiff to prevent the harassment/discrimination/retaliation and is liable therefore for negligence.

78.     Plaintiff claims that Defendants sexually harassed, assaulted, and battered Plaintiff, created a hostile work environment for Plaintiff, unlawfully discriminated against Plaintiff, disparately treated Plaintiff, disparately impacted Plaintiff, and retaliated against Plaintiff because of Plaintiff's sex and gender.

## FIRST CAUSE OF ACTION

## FOR TRAFFICKING VICTIMS PROTECTION ACT (TVPA)

(Against Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, MERRY JANE EVENTS, INC., and GERBER)

79.     Plaintiff incorporates by reference and re-alleges the preceding paragraphs, as though fully stated herein.

80.     Plaintiff brings this claim pursuant to all applicable sections of 18 U.S.C.A. §§ 1591, 1595 in that "An individual who is a victim of a violation of Section 1589, 1590, or 1591 of title 18, United States Code, may bring a civil action in any appropriate district court of the United States. The court may award actual damages, punitive damages, reasonable attorneys' fees, and other litigation costs reasonably incurred." 18 U.S.C.A. §1595(a).

81.     18 USC § 1591. Sex trafficking of children or by force, fraud, or coercion states as follows:

**(a)** Whoever knowingly--
**(1)** in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
**(2)** benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

**(b)** The punishment for an offense under subsection (a) is--

**(1)** if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2), or by any combination of such means, or if the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had not attained the age of 14 years at the time of such offense, by a fine under this title and imprisonment for any term of years not less than 15 or for life; or

**(2)** if the offense was not so effected, and the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had attained the age of 14 years but had not attained the age of 18 years at the time of such offense, by a fine under this title and imprisonment for not less than 10 years or for life.

**(c)** In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.

**(d)** Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be fined under this title, imprisoned for a term not to exceed 25 years, or both.

**(e)** In this section:

**(1)** The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

**(2)** The term "coercion" means--

**(A)** threats of serious harm to or physical restraint against any person;

**(B)** any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

**(C)** the abuse or threatened abuse of law or the legal process.

**(3)** The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

**(4)** The term "participation in a venture" means knowingly assisting, supporting, or facilitating a violation of subsection (a)(1).

**(5)** The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to

continue performing commercial sexual activity in order to avoid incurring that harm.

(**6**) The term "venture" means any group of two or more individuals associated in fact, whether or not a legal entity.

82.    Additionally, 18 USCA § 1595. Civil remedy states as follows:

(a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

(b)(1) Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim.

(2) In this subsection, a "criminal action" includes investigation and prosecution and is pending until final adjudication in the trial court.

(c) No action may be maintained under subsection (a) unless it is commenced not later than the later of--

(1) 10 years after the cause of action arose; or

(2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense.

83.    Broad, expansive language is employed in Trafficking Victims Protection Act (TVPA) and its remedial provision, which permits civil actions for damages under TVPA. *Noble v Weinstein*, 335 F Supp 3d 504 [SDNY 2018], mot to certify appeal denied, 17-CV-09260 (AJN), 2019 WL 3940125 [SDNY Aug. 5, 2019]

84.    Defendants subjected Plaintiffs to commercial sex acts by force and coercion, including both physical and financial.

85.    18 U.S.C. 1591 § (e)(3) defines a "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person."

86.    A commercial sex act means any sex act, on account of which anything of value is given to or received by any person. The specific conditions are the use of force, fraud, or coercion, or conduct involving persons under the age of 18. See the Department of Justice's definition: https://www.justice.gov/crt/involuntary-servitude-forced-labor-and-sex-trafficking-statutesenforced. "Section 1591 criminalizes sex trafficking, which is defined as causing a person to engage in a commercial sex act under certain statutorily enumerated conditions. A commercial sex act means any sex act, on account of which anything of value is given to or received by any person. The specific conditions are the use of force, fraud, or coercion, or conduct involving persons under the age of 18."

87.    Defendants conditioned Plaintiff's employment, on Defendants' ability to continue to sexually assault and engage in forced sex acts. Additionally, the financial aspect to the relationship was also an element of the "forced" sex acts.

88.    Defendants knowingly recruited, enticed, harbored, and/or obtained Plaintiff through means of force, threats of force, and by a combination of such forceful means, and forcibly caused Plaintiff to engage in an unwanted sexual act for a commercial benefit.

89.    18 USC 1594 further provides liability for "Whoever conspires with another to violate section 1591" Defendants further conspired to violate 1591 as stated herein.

90.     18 USC 1594 further states that it shall be unlawful for anyone who "obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section." Assuming Defendants take such retaliatory action as stated above, Plaintiff makes a claim for such.

91.     Defendants are liable to Plaintiffs under 18 USCA § 1591, 1594 and 1595.

## SECOND CAUSE OF ACTION

### FOR SEXUAL BATTERY

(Against Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, MERRY JANE EVENTS, INC., and GERBER)

92.     Plaintiff incorporates by reference and re-alleges the preceding paragraphs, as though fully stated herein.

93.     As described herein above, Defendants SNOOP DOGG and CAMPBELL caused, and intended to cause, imminent apprehension of a harmful and offensive contact with an intimate part of another.  In doing these acts, Defendants SNOOP DOGG and CAMPBELL caused, and intended to cause, imminent apprehension of a harmful and offensive contact with Plaintiff, in violation of, inter alia, Civil Code section 1708.5, and related laws. At no time did Plaintiff consent to any of the acts of Defendants SNOOP DOGG and CAMPBELL described herein.

94.     As a result of Defendants SNOOP DOGG and CAMPBELL's conduct, Plaintiff was placed in apprehension and fear for her physical well-being.

95.     Defendants SNOOP DOGG and CAMPBELL's sexual battery involved actual physical contact.

96.     Defendants SNOOP DOGG and CAMPBELL did the aforementioned acts with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff's person and would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of Plaintiff's person that would offend a reasonable sense of personal dignity.

97.     Because of Defendants SNOOP DOGG and CAMPBELL's position of authority over Plaintiff, and Plaintiff's mental and emotional state, Plaintiff was unable to, and did not, give legal consent to such acts.

98.     As a direct, legal and proximate result of the acts of Defendants SNOOP DOGG and CAMPBELL, Plaintiff sustained serious and permanent injuries to her person, all of her damage in an amount to be shown according to proof and within the jurisdiction of the Court.

99.     Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, MERRY JANE EVENTS, INC., and GERBER knew or should have known, of the assaults and batteries, but ratified the conduct, as described herein above, by failing to adequately, or at all take remedial steps against Defendants SNOOP DOGG and CAMPBELL,

refusing to intervene to protect Plaintiff, among other acts of ratification.  As Plaintiff's employers and by ratifying Defendants SNOOP DOGG and CAMPBELL's misconduct, Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, MERRY JANE EVENTS, INC., and GERBER are liable to Plaintiff for battery and assault.

100.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

101.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress.  Plaintiff has further experienced other physical symptoms arising from the wrongful acts of Defendants, and each of them.  Plaintiff will continue to experience said pain and physical and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

102.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner pursuant to California Civil Code Section 3294, in order to injure and damage Plaintiff, thereby justifying an award to them of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## THIRD CAUSE OF ACTION

### FOR SEXUAL ASSAULT

(Against Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, MERRY JANE EVENTS, INC., and GERBER)

103.   Plaintiff incorporates by reference and re-alleges the preceding paragraphs, as though fully stated herein.

104.   Defendants SNOOP DOGG and CAMPBELL committed overt acts of sexual abuse, assault, and battery against Plaintiff.

105.   Defendants SNOOP DOGG and CAMPBELL intended to inflict a harmful or offensive conduct against Plaintiff and intended to cause Plaintiff to fear such contact.  Defendants SNOOP DOGG and CAMPBELL knew that the consequence of an offensive contact was certain to result, as Defendants SNOOP DOGG and CAMPBELL's sexual abuse was intentionally inflicted.

106.    Defendants SNOOP DOGG and CAMPBELL's actions placed Plaintiff in apprehension of an immediate harmful or offensive contact.

107.    Plaintiff did not consent to Defendants SNOOP DOGG and CAMPBELL's harmful or offensive contact with Plaintiff's person, or to Defendant SNOOP DOGG and CAMPBELL's conduct, putting Plaintiff in imminent apprehension of such contact.

108.    In doing the things herein alleged, Defendants SNOOP DOGG and CAMPBELL violated Plaintiff's right under California Civil Code § 43 of protection from bodily restraint or harm, and from personal insult. In doing the things herein alleged, Defendants SNOOP DOGG and CAMPBELL violated their duty, pursuant to California Civil Code §1708, to abstain from injuring the person of Plaintiff or infringing upon her rights.

109.    Under the Code of Civil Procedure Section 340.16, "In any civil action for recovery of damages suffered as a result of sexual assault, where the assault occurred on or after the plaintiff's 18th birthday, the time for commencement of the action shall be the later of the following: (1) Within 10 years from the date of the last act, attempted act, or assault with the intent to commit an act, of sexual assault by the defendant against the plaintiff."

110.    Plaintiff claims estoppel with regard to certain Statutes of Limitations in light of unconscionable acts that deterred her from filing claims as required to state

theory of estoppel.  <u>Bianco v Warner</u>, 221CV03677FLAMARX, 2021 WL 4840470 [CD Cal Oct. 7, 2021]

111.   Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, MERRY JANE EVENTS, INC., and GERBER knew or should have known, of the assaults and batteries, but ratified the conduct, as described herein above, by failing to adequately, or at all take remedial steps against Defendants SNOOP DOGG and CAMPBELL, refusing to intervene to protect Plaintiff, among other acts of ratification.  As Plaintiff's employers and by ratifying Defendants SNOOP DOGG and CAMPBELL's misconduct, Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, MERRY JANE EVENTS, INC., and GERBER are liable to Plaintiff for assault.

112.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

113.   Defendants SNOOP DOGG and CAMPBELL's sexual assault is a substantial factor in bringing about these harms to Plaintiff.

114.   The conduct of Defendants was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and were carried out with a conscious disregard of her right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages against Defendants in an amount appropriate to punish and set an example of Defendants.


## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

As to All Causes of Action

1.   For general, compensatory, and/or special damages in an amount according to proof for Plaintiff's injuries, mental and/or emotional distress, medical expenses, actual financial losses, consequential financial losses, incidental financial losses, loss of past and future earnings, loss of salary and benefits, and all damages flowing therefrom for an amount to be determined at trial;

2.   For all general and special damages to compensate Plaintiff for an amount to be determined at trial;

3.   For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants for an amount to be

determined at trial;

4.  For prejudgment and post-judgment interest according to any applicable provision of law, according to proof for an amount to be determined at trial;

5.  For attorney's fees and costs for an amount to be determined at trial;

6.  Costs of suit; and

7.  For such other and further relief as the Court may deem just and proper.

Dated: February 9, 2022

**DEREK SMITH LAW GROUP, LLP**
*Attorneys for Plaintiff JANE DOE*

By:  _/s/ Matt E.O. Finkelberg_
MATT E.O. FINKELBERG, ESQ.
633 West 5th St., Suite 3250
Los Angeles, CA 90071
(310) 602-6050

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all issues to be tried and all causes of action and claims with respect to which Plaintiff has a right to jury trial.

Dated: February 9, 2022

**DEREK SMITH LAW GROUP, LLP**
*Attorneys for Plaintiff JANE DOE*

By: _/s/ Matt E.O. Finkelberg_
MATT E.O. FINKELBERG, ESQ.
633 West 5th St., Suite 3250
Los Angeles, CA 90071
(310) 602-6050