**KELLER/ANDERLE LLP**
Jennifer L. Keller (SBN 84412)
Jeremy W. Stamelman (SBN 216097)
Shaun A. Hoting (SBN 255158)
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel.: (949) 476-8700
Fax: (949) 476-0900
jkeller@kelleranderle.com
jstamelman@kelleranderle.com
shoting@kelleranderle.com

*Attorneys for Defendant CALVIN BROADUS a/k/a "SNOOP DOGG"*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, an individual, | Case No. 2:22-cv-00900-GW-AS |
| Plaintiff, | **DEFENDANT CALVIN BROADUS'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| CALVIN BROADUS AKA "SNOOP DOGG", individually; DONALD CAMPBELL AKA "BISHOP DON MAGIC JUAN", individually; GERBER & CO, INC.; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; MERRY JANE EVENTS, INC.; and SNOOP DOGG, LLC, | **[Fed. R. Civ. P. 12(b)(6)]** |
| | The Hon. George H. Wu |
| | Hearing Date: March 24, 2022 Time: 8:30 a.m. |
| Defendants. | |

**PLEASE TAKE NOTICE** that on March 24, 2022, at 8:30 a.m., or as soon thereafter as counsel may be heard, Defendant Calvin Broadus—known as "Snoop Dogg" ("Defendant"), through his attorneys Keller/Anderle LLP, will move this Court to dismiss the complaint of Jane Doe ("Plaintiff") in its entirety for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6).

This Motion is made following the conference of counsel per Local Rule 7-3. That conference began on February 14, and concluded on February 16, 2022.

Defendant brings this Motion because (i) Plaintiff has failed to state a claim for relief under 18 U.S.C. § 1595 and (ii) the remaining state law claims are time barred. This Motion is based on this Notice and the accompanying Memorandum of Points and Authorities, all pleadings, files, and records in this action, and arguments of counsel.

Dated: February 24, 2022         KELLER/ANDERLE LLP

By: */s/ Jennifer L. Keller*
    Jennifer L. Keller
    Jeremy W. Stamelman
    Shaun A. Hoting
    18300 Von Karman Ave., Suite 930
    Irvine, California 92612
    Tel.: (949) 476-8700
    Fax: (949) 476-0900
    jkeller@kelleranderle.com
    jstamelman@kelleranderle.com
    shoting@kelleranderle.com

*Attorneys for Defendant CALVIN BROADUS a/k/a "SNOOP DOGG"*

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND .............................................................................................. 2

III. LEGAL STANDARD ...................................................................................... 4

IV. ARGUMENT ................................................................................................... 5

    A. Plaintiff's TVPA Claim Fails ................................................................ 5

        i. Plaintiff has not alleged and cannot allege Defendant had the requisite knowledge, enticed Plaintiff, or that the alleged act involved interstate commerce. ........................................................ 5

        ii. Plaintiff fails to allege a "commercial sex act" because the allegations lack any quid pro quo connecting the alleged sex act to a "thing of value" actually or potentially exchanged. .............. 8

    B. Plaintiff's State Law Claims Are Time Barred ....................................... 9

V. CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Ardolf v. Weber*, 332 F.R.D. 467 (S.D.N.Y. 2019) ........................................................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................... 4, 5

*Beaudoin v. Schlachter*, 672 F.App'x 706 (9th Cir. 2016) ......................................... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 4

*Canosa v. Ziff*, 2019 U.S. Dist. LEXIS 13263 (S.D.N.Y. Jan. 28, 2019) ................... 7

*Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) ........................................... 11

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) .................................................... 5

*Eckhart v. Fox News Network, LLC*, 2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021) .. 6, 7, 8

*Geiss v. Weinstein Co. Holdings, LLC*, 383 F. Supp. 3d 156 (S.D.N.Y. 2019) .......... 8

*Huett v. Weinstein Co., LLC*, 2018 WL 6314159 (C.D. Cal. Nov. 5, 2018) ........... 7, 8

*Noble v. Weinstein*, 335 F. Supp. 3d 504 (S.D.N.Y. 2018) ............................. 5, 6, 7, 8

*O'Connor v. Franke*, 2016 WL 10957850 (C.D. Cal. Sept. 23, 2016) ..................... 10

*Quarry v. Doe I*, 53 Cal. 4th 945 (2012) ............................................................... 9, 10

*Safechuck v. MJJ Prods., Inc.*, 43 Cal. App. 5th 1094 (2020) .................................... 9

*See Corradino v. Liquidnet Holdings Inc.*, 2021 WL 2853362 (S.D.N.Y. July 8, 2021) ........................................................................................................................ 9

*Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013) .................................................. 4

*Villalvaso v. Odwalla, Inc.*, 2011 WL 1585604 (E.D. Cal. Apr. 25, 2011) .............. 10

**Statutes**

18 U.S.C. § 1591 ........................................................................................................ 1

18 U.S.C. § 1595 ........................................................................................................ 4

18 U.S.C. § 1595(a) ................................................................................................ 2, 5

28 U.S.C. § 1367(c)(3) .......................................................................................... 11

Cal. Code Civ. Proc. § 335.1 ............................................................................... 10

Cal. Code Civ. Proc. § 340.16 ................................................................................ 9

Cal. Code Civ. Proc. § 340.16(c)(1) ..................................................................... 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Nearly nine years after the alleged incident—but just days before Defendant Calvin Broadus (known as "Snoop Dogg") was scheduled to perform at the Super Bowl Halftime Show—Plaintiff Jane Doe filed this lawsuit with its implausible and false claim under the federal Trafficking Victims Protection Act ("TVPA"). The Court should dismiss Plaintiff's allegations for failure to state a claim for relief under federal law and because her remaining state law claims are time barred.

To state a claim under the TVPA, a plaintiff must allege a defendant knowingly, in interstate commerce, enticed a plaintiff through force, fraud, or fear to engage in a commercial sexual act. 18 U.S.C. § 1591. Plaintiff's complaint reiterates the formulaic elements of a TVPA claim, but alleges virtually no supporting facts. The Court should not countenance these conclusory, threadbare allegations. For example, Plaintiff fails to allege Defendant proposed any "enticement," much less that he did so knowingly. Similarly, Plaintiff makes no allegations of an actual benefit Defendant offered or even suggested Plaintiff would receive. Because she fails to identify an actual benefit Defendant offered, Plaintiff likewise fails to allege a "commercial sex act," as the statute requires. Plaintiff also fails to identify any interstate commerce implicated here.[1]

Plaintiff's complaint lacks the allegations required to maintain a cause of action under the TVPA. Her "sex trafficking" claim stretches the TVPA to its

---

[1] Although not the grounds for this Rule 12(b)(6) motion, Plaintiff's allegations are contradictory and unbelievable. According to her complaint, Plaintiff woke up—undressed—next to defendant Donald Campbell, was "sexually assaulted" by him when he purportedly "shoved his penis into [her] mouth," and then inexplicably, voluntarily accompanied Campbell to a recording studio where Defendant was present, purportedly in the hope of obtaining some undefined gig that Plaintiff does not claim Defendant ever raised or discussed with her. Then, after alleged oral sex with Defendant (which never happened), and while allegedly "afraid for her safety and for her life," Plaintiff "wander[ed] the studio" and posed for a photograph with Defendant. She then waited almost nine years to file this lawsuit, doing so four days before Defendant's Halftime performance in a much publicized hip-hop showcase.

breaking point. If accepted as a sufficient pleading, Plaintiff's claim would transform into federal sex trafficking every alleged sex act between a defendant and a plaintiff with lesser means, fame, or influence.

Plaintiff's remaining state law claims fare no better. Plaintiff was required to bring her state law claims within two years of the alleged conduct. Because she waited nearly nine years to bring her claims, they are time barred. The Court should therefore dismiss these state law claims as untimely or, in the alternative, decline to exercise supplemental jurisdiction.

In sum, Plaintiff fails to state any claim against Defendant Calvin Broadus under Rule 12(b)(6). Defendant respectfully requests the Court grant his Motion and dismiss each of Plaintiff's claims.

## II.     BACKGROUND[2]

Plaintiff's complaint is devoid of many of the necessary details relevant to her claim under 18 U.S.C. § 1595(a) against Defendant, and instead recites innuendo and irrelevant statements from Defendant's public interviews to backfill the deficiencies in her allegations. Stripped of its chaff and legal conclusions, however, Plaintiff's complaint offers insufficient factual allegations to support any TVPA claim against Defendant.

Plaintiff alleges on May 29, 2013, she and an unidentified friend attended one of Defendant's shows at a night club in Anaheim, California. Compl. ¶ 40. Plaintiff and her friend entered a "VIP room," where they encountered co-defendant Donald Campbell ("Campbell"). *Id.* Plaintiff claims later that night Campbell invited her and her friend to Defendant's studio. *Id.* ¶ 42. After they visited the studio, Campbell took Plaintiff to his house. *Id.* ¶ 44.

---

[2]   Although not the subject of this Motion, nothing remotely resembling Plaintiff's story about Defendant Calvin Broadus ever happened. He vehemently denies ever engaging in any sex act with Plaintiff or assaulting or battering her.

Plaintiff alleges that when she arrived at Campbell's home, she "was exhausted and fell asleep." *Id.* ¶ 44. Plaintiff woke up the next morning next to Campbell, at which time, according to her complaint, he purportedly "shoved his penis into Plaintiff's mouth." *Id.* ¶ 45. Plaintiff does not allege that she reported this incident to the authorities, to Defendant, or to anyone associated with him.

That same morning, Campbell told Plaintiff to get dressed and to come with him to see Defendant. She claims Campbell told her "I want to see if [Defendant] will make you a weather girl," Defendant "wants you there," and accompanying Campbell that morning "is a career move." *Id.* ¶ 48. The complaint alleges—after what it now claims was Campbell's "sexual assault"—that Plaintiff inexplicably, voluntarily went with Campbell "in hopes of advancing her career." *Id.* ¶ 48. Plaintiff does not explain what "hopes" she had, why she purportedly had them, or anything Defendant said or did to give her any such undefined "hopes."

According to the complaint, Campbell and Plaintiff went to a recording studio where Defendant was filming a television series. *Id.* ¶ 49. Plaintiff does not allege if that studio was the same one that she claims she visited the night before. Plaintiff claims while she was at this studio, she needed to use the bathroom; while she was using the bathroom Defendant entered and allegedly "sexually assaulted" her when he "removed his penis from his pants" and said, "Put it in your mouth." *Id.* ¶¶ 50-51. Plaintiff does not allege that Defendant made any promises, enticement, or threats. *Id.* She does not claim Defendant said anything else—at any time—other than "I'll be back, I'll get you something to clean up with." *Id.* Plaintiff alleges that Defendant did not return. *Id.* ¶ 51. She alleges after the alleged bathroom incident, she "wandered the studio," posed for a picture with Defendant, and then left. *Id.* ¶ 57.

Plaintiff makes sporadic allegations that Campbell and Defendant were her "superiors" and putative employers, and/or that she had a "common law

employment relationship," but offers no allegations of a job offer or promised job offer, and admits Defendant never hired her. *See, e.g., id.* ¶¶ 17, 58, 59, 65.

On February 9, 2022, nine years later and just four days before Defendant's Super Bowl Halftime Show performance, Plaintiff filed her complaint against Defendant, Campbell, and various business entities. Plaintiff alleges claims against Defendant for: (1) violation of the TVPA, 18 U.S.C. § 1595; (2) sexual assault; and (3) sexual battery. *See id.* ¶¶ 79-114.

### III.  LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). A complaint is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" without more. *Id.* at 678. After disregarding all of the "labels" and conclusory allegations, the Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *Id.* at 678-679. "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (*quoting Iqbal*, 556 U.S. at 679).

Plaintiff cannot meet this standard here, because when stripped of its labels and conclusory allegations, Plaintiff's complaint fails to allege sufficient facts to support a claim under the TVPA, and her remaining state law claims are time barred.

## IV. ARGUMENT

### A. **Plaintiff's TVPA Claim Fails**

To state a claim against Defendant under 18 U.S.C. § 1595(a), Plaintiff must allege Defendant (i) knowingly; (ii) in interstate or foreign commerce; (iii) "recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person;" (iv) "knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud ... or any combination of such means will be used"; (v) "to cause the person to engage in a commercial sex act. 18 U.S.C. § 1591." *Noble v. Weinstein*, 335 F. Supp. 3d 504, 515 (S.D.N.Y. 2018) (internal quotations omitted).

As a preliminary matter, Plaintiff does not articulate any *facts* under the heading for her TVPA claim, only conclusory recitations of the elements of the claim. *See* Compl. ¶¶ 84, 87-89. This style of pleading fails to put Defendant on notice of the alleged conduct supporting Plaintiff's claim, running afoul of *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'"). Even scouring the balance of the complaint and giving it its most generous reading, Plaintiff cannot satisfy the elements of a TVPA claim.

> i. <u>Plaintiff has not alleged and cannot allege Defendant had the requisite knowledge, enticed Plaintiff, or that the alleged act involved interstate commerce.</u>

Plaintiff's first problem is that she does not—and cannot—allege Defendant "knowingly" "enticed" her or used interstate commerce to do so. Plaintiff makes no factual allegations that the purported incident involved interstate commerce. Plaintiff and Defendants are residents of California, and the incident allegedly

happened in the L.A. area. Compl. ¶¶ 7, 18, 20, 42-44, 50-51. Accordingly, Plaintiff's TVPA claim fails and the analysis need not go further.

This is not the only fatal deficiency in Plaintiff's TVPA claim. Plaintiff also fails to allege Defendant "enticed" her, much less that he did so knowingly. Courts examining what constitutes "enticement" have relied on dictionary definitions, "which define it as 'to attract artfully or adroitly or by arousing hope or desire,' and '[to] attract or tempt by offering pleasure or advantage.'" *Noble*, 335 F. Supp. 3d, at 517 (quoting Merriam-Webster Online Dictionary and Oxford Dictionaries). Here, Plaintiff's only allegations about Defendant's "enticing" conduct relate to two statements he made during the alleged assault. *See* Compl. ¶ 50 ("Put it in your mouth."), ¶ 51 ("I'll be back, I'll get you something to clean up with."). But neither of those statements meet the court-endorsed dictionary definitions of "enticing."

The deficiencies in Plaintiff's allegations are obvious when compared with those of actual sexual assault victims who have asserted detailed recitations of a defendant's enticement. For example, in *Noble* the court concluded the concrete allegations of a professional benefit were sufficient to constitute "enticement." 335 F. Supp. 3d at 517. There, the defendant, Weinstein, "initiated a professional relationship with Noble," told "Noble that he had a film role in mind for her, . . . set up an 'interview' between Noble and his executive assistant," requested "she come to his hotel room at the Cannes Film Festival . . . [to] 'discuss further steps regarding the [film] role,'" provided "numerous" additional promises while she was in his hotel room, promised a meeting with a modeling agency, and then "twice promised that everything will be taken care of for you if you relax." *Id.* (citations and internal quotations omitted).

Likewise, in *Eckhart v. Fox News Network, LLC*, 2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021) the plaintiff brought a TVPA claim against a Fox News host, Henry. The court denied Henry's motion to dismiss the TVPA claim. In analyzing the "enticement" element, the court relied on the plaintiff's clear factual

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 2:22-CV-00900-GW

allegations of the discrete career advancements Henry allegedly offered the plaintiff. *See, e.g., id.* at *8 ("Henry 'offered to introduce [Eckhart] to his agent (one of the most powerful agents in the journalism industry) and told her that he would bring [her] on his future 'new show' at Fox News as a frequent on-air guest.' [citation] To lure her back to his hotel room, he allegedly invited her to 'further discuss her career opportunities at his hotel.'"). The *Eckhart* court concluded the claims were reminiscent of those found sufficient in *Noble* and other cases against Weinstein. On that basis, the court denied the motion to dismiss.

      Here, however, Plaintiff makes no factual assertions akin to those in *Noble* or *Eckhart*. She provides **no allegations of any statement by Defendant** that he would help her career, and no allegations of any statement about *how* Defendant might advance her career. Instead, the *only* allegation Plaintiff makes is that Campbell—*not Defendant*—said going to the studio where Defendant was would be "a career move." Compl. ¶ 48. Plaintiff's conclusory allegation is a far cry from the factual allegations found sufficient in *Eckhart* and *Noble*, where the plaintiffs provided facts about the alleged perpetrator making false promises of specific career advancement to "entice" them into the unwanted sexual encounters. *See also Huett v. Weinstein Co., LLC*, 2018 WL 6314159, *2-3 (C.D. Cal. Nov. 5, 2018) (holding the plaintiff alleged "enticement" by asserting that Harvey Weinstien "promised [the plaintiff] participation and a role in an entertainment project."); *Canosa v. Ziff*, 2019 U.S. Dist. LEXIS 13263 (S.D.N.Y. Jan. 28, 2019) (holding plaintiff alleged "recruitment and enticement" by asserting a seven year chronology of defendants "fl[ying] her around the country to meet with [Weinstein]," false promises, bullying, intimidation, physical assault, rape, and "specific means and methods used by multiple company employees to facilitate Weinstein's sexual assaults and to cover them up afterwards"); *Geiss v. Weinstein Co. Holdings, LLC*, 383 F. Supp. 3d 156 (S.D.N.Y. 2019) (holding plaintiffs adequately stated "enticement" against Weinstein by

alleging instances of false promises, verbal threats to their careers, bullying, stalking, imprisoning, physical assault, rape, and "cover up [of] the assaults").

Because Plaintiff fails to allege any statement by Defendant that could be interpreted as enticement, her TVPA claim cannot proceed.

ii. <u>Plaintiff fails to allege a "commercial sex act" because the allegations lack any quid pro quo connecting the alleged sex act to a "thing of value" actually or potentially exchanged.</u>

Courts have interpreted "commercial sex act" to include promises of future jobs or specific career advancement as "things of value." *See, e.g.*, *Ardolf v. Weber*, 332 F.R.D. 467, 478 (S.D.N.Y. 2019) (holding that "[the d]efendant's alleged fondling of [the p]laintiffs' genitals was commercial in nature because he offered them valuable career advancement, including future modeling jobs, to allow it to happen"). *See also Noble*, 335 F. Supp. 3d at 519 (finding sufficient the plaintiff's allegation she went to the defendant's hotel room because of his "promise of the role in a TWC project"); *Eckhart*, 2021 WL 4124616 (holding the plaintiff sufficiently alleged a "commercial sex act" by alleging the defendant promised to advance the plaintiff's career by "get[ting] her in a room with some really powerful people," an offer to "introduce her to his agent (one of the most powerful agents in the journalism industry)," and a promise to "bring [her] on his future 'new show' at Fox News as a frequent on-air guest."); *Huett*, 2018 WL 6314159 at *3 (holding the plaintiff sufficiently alleged a "commercial sex act" by alleging a specific thing of value she believed she would receive from the defendant, i.e., "a role on *Project Runway*").

Here, however, there is no factual allegation that Defendant offered *any* promises of a future job or career advancement, much less a discrete, specific benefit.[3] Accordingly, Plaintiff has not alleged a "commercial sex act" under the

---

[3] There is also no allegation Defendant knew of the alleged comment from Campbell that traveling to the studio would be a "career move." It is also

TVPA. *See Corradino v. Liquidnet Holdings Inc.*, 2021 WL 2853362, at *3 (S.D.N.Y. July 8, 2021) (dismissing TVPA claims where complaint did "not allege that [defendants] ever proposed any sort of quid quo pro"; "While the Complaint alleges that Merrin and other Liquidnet executives propositioned Plaintiff for sex on several occasions, it does not allege that they ever proposed any sort of quid pro quo, like sex for career advancement.")

* * * *

In sum, Plaintiff fails to allege nearly all of the required elements of a TVPA claim, and her claim should therefore be dismissed.

### B. Plaintiff's State Law Claims Are Time Barred

Plaintiff's second and third claims for sexual assault and sexual battery are all based on the conduct she alleges took place between May 29 and 30, 2013. *See* Compl. ¶¶ 40-51. Under California Code of Civil Procedure § 340.16, which was added in 2018 and made effective January 1, 2019, the statute of limitations for a sexual assault claim filed after January 1, 2019 is ten years. *See generally* Cal. Code Civ. Proc. § 340.16. Under California law, however, if a claim has already lapsed under an existing statute of limitations, the claim is not revived by the new statute of limitations absent an express statement from the California Legislature. *See Quarry v. Doe I*, 53 Cal. 4th 945, 955 (2012) ("The Legislature has authority to establish—and to enlarge—limitations periods. As we shall explain, however, legislative enlargement of a limitations period does not revive lapsed claims in the absence of express language of revival."); *Safechuck v. MJJ Prods., Inc.*, 43 Cal. App. 5th 1094, 1099–100 (2020) ("Lapsed claims will not be considered revived without express language of revival"). Section 340.16 does not expressly revive lapsed claims, except for ones involving sexual assaults occurring at a student health center, a scenario not applicable here. *See* Cal. Code Civ. Proc. § 340.16(c)(1); *Quarry*, 53

---

unspecified what benefit, if any, Plaintiff expected to receive from this general statement by someone other than Defendant.

Cal. 4th at 964 (recognizing that language applying certain statutory amendments to "any action commenced on or after January 1, 1991" was "*insufficient* to revive lapsed claims" (emphasis in original; citation omitted)).

Here, Plaintiff alleges the sexual assault and sexual battery took place in May 2013. At the time, there was a two-year statute of limitations for assault and battery pursuant to California Code of Civil Procedure 335.1. *See Beaudoin v. Schlachter*, 672 F.App'x 706 (9th Cir. 2016) (case predating enactment of Section 340.16 holding district court properly dismissed sexual assault claim as time-barred under Section 335.1's two-year limitations period); *O'Connor v. Franke*, 2016 WL 10957850, at *3 (C.D. Cal. Sept. 23, 2016) (recognizing Section 335.1 established a two-year statute of limitations for sexual battery); *Villalvaso v. Odwalla, Inc.*, 2011 WL 1585604, at *9 (E.D. Cal. Apr. 25, 2011) (same). Because Plaintiff filed her complaint nearly nine years after the alleged conduct, her sexual assault and sexual battery claims lapsed in May 2015 under the previously applicable Section 335.1. Section 340.16 does not revive her claims.

Because Plaintiff's sexual assault and sexual battery claims are time barred, Defendant requests they be dismissed with prejudice.

## V.     CONCLUSION

Plaintiff's complaint, launched just days before Defendant's Super Bowl Halftime performance, was a thinly veiled attempt to extort Defendant for money to stop Plaintiff from continuing to assert her false claims publicly. But the fatal deficiencies in her complaint ensure her gambit will not succeed. Plaintiff does not state a federal TVPA claim, and because there is no legitimate way for her to allege Defendant's conduct involved "interstate commerce," this claim should be dismissed with prejudice. Moreover, because Plaintiff's state law claims are time barred, those claims should also be dismissed with prejudice.

Alternatively, since there is no viable federal claim nor diversity between the parties, this Court should decline to exercise supplemental jurisdiction over

1 | Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may
2 | decline to exercise supplemental jurisdiction over a claim [if] ... the district court has
3 | dismissed all claims over which it has original jurisdiction[.]"); *Carnegie–Mellon*
4 | *Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988), superseded on other grounds by
5 | statute ("[I]n the usual case in which all federal-law claims are eliminated before
6 | trial, the balance of factors to be considered under the pendent jurisdiction
7 | doctrine—judicial economy, convenience, fairness, and comity—will point toward
8 | declining to exercise jurisdiction over the remaining state-law claims.").

Dated:  February 24, 2022                KELLER/ANDERLE LLP

By: */s/ Jennifer L. Keller*
      Jennifer L. Keller
      Jeremy W. Stamelman
      Shaun A. Hoting
      18300 Von Karman Ave., Suite 930
      Irvine, California 92612
      Tel.: (949) 476-8700
      Fax: (949) 476-0900
      jkeller@kelleranderle.com
      jstamelman@kelleranderle.com
      shoting@kelleranderle.com

      *Attorneys for Defendant CALVIN BROADUS*
      *a/k/a "SNOOP DOGG"*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Suite 930, Irvine, California 92612. On February 24, 2022, I served the foregoing document described as

**DEFENDANT CALVIN BROADUS'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

**SERVED BY U.S. MAIL:** There are currently no individuals on the list to receive mail notices for this case.

**SERVED BY CM/ECF:** I certify that, on February 24, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

The following are those who are currently on the list to receive e-mail notices for this case.

Jennifer L Keller   jkeller@kelleranderle.com, cmckinney@kelleranderle.com, iandrade@kelleranderle.com, lcano@kelleranderle.com

Jesse Asher Gessin   Jesse@Gessin.Ltd, admin@gessin.ltd

Matt Evan Orellana Finkelberg   matt@dereksmithlaw.com

Steffeny Holtz   steffeny@sholtzlaw.com, esqcolombo@aol.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 24, 2022 at Irvine, California.

*/s/ Jennifer L. Keller*
Jennifer L. Keller