GESSIN LTD
Jesse Gessin (SBN 263889)
Jesse@Gessin.Ltd
Mailing – 806 E. Avenida Pico, Suite I-291,
San Clemente, CA  92673
Physical – 910 South El Camino Real, Suite 201,
San Clemente, CA 92672
Tel.: (949) 328-6629

*Attorneys for Defendant Donald Campbell*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CALVIN BROADUS AKA "SNOOP DOGG", individually; DONALD CAMPBELL AKA "BISHOP DON MAGIC JUAN", individually; GERBER & CO, INC.; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; MERRY JANE EVENTS, INC.; and SNOOP DOGG, LLC,<br><br>Defendants. | Case No. 2:22-cv-00900-GW-AS<br><br>**DEFENDANT DONALD CAMPBELL'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Fed.  R. Civ. P. 12(b)(6)]<br><br>The Hon. George H. Wu<br><br>Hearing Date:  March 24, 2022<br>Time:  8:30 a.m. |

**PLEASE TAKE NOTICE** that on March 24, 2022, at 8:30 a.m., or as soon thereafter as counsel may be heard, Defendant Donald Campbell ("Campbell"), through his counsel, Jesse Gessin, will and hereby does move this Court to dismiss the complaint of Jane Doe ("Plaintiff") in its entirety for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6).

This Motion is made following a conference of counsel per Local Rule 7-3 on February 17, 2022.

Campbell brings this Motion because Plaintiff's federal cause of action under 18 U.S.C. § 1595 fails to state a claim for relief against him for the reasons articulated in the Motion to Dismiss filed by Defendant Calvin Broadus ("Broadus") earlier this week.  Campbell joins each of the arguments made by Broadus in his Motion to Dismiss.  As for Plaintiff's state law claims against Campbell, they are time barred under California law.

This Motion is based on this Notice and the accompanying Memorandum of Points and Authorities, all pleadings, files, and records in this action, and arguments of counsel.

Dated:  February 24, 2022            GESSIN LTD.

By:  */s/ Jesse Gessin*
      Jesse Gessin

*Counsel for Defendant Donald Campbell*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1
II. BACKGROUND ................................................................................................. 1
III. LEGAL STANDARD .......................................................................................... 3
IV. ARGUMENT ....................................................................................................... 4
   A. Plaintiff's TVPA Claim Fails ........................................................................ 4
   B. Plaintiff's State Law Claims Against Campbell Are Time Barred ................ 4
V. CONCLUSION .................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 2, 3

*Beaudoin v. Schlachter*, 672 F.App'x 706 (9th Cir. 2016) ......................................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 2

*O'Connor v. Franke*, 2016 WL 10957850 (C.D. Cal. Sept. 23, 2016) ....................... 4

*Quarry v. Doe I*, 53 Cal. 4th 945 (2012) ................................................................. 3, 4

*Safechuck v. MJJ Prods., Inc.*, 43 Cal. App. 5th 1094 (2020) .................................... 4

*Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013) .................................................. 2

*Villalvaso v. Odwalla, Inc.*, 2011 WL 1585604 (E.D. Cal. Apr. 25, 2011) ................ 4


**Statutes**

18 U.S.C. § 1591 ........................................................................................................ 1

Cal. Code Civ. Proc. § 340.16(c)(1) ........................................................................... 4

Cal. Code Civ. Proc. § 340.16 .................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Nearly nine years after the alleged incident, Plaintiff Jane Doe filed this lawsuit against Defendant Donald Campbell and the other defendants with its implausible federal cause of action under the Trafficking Victims Protection Act ("TVPA") and its time barred state claims. Because none of those claims survive Rule 12(b)(6), the Court should grant defendants' Motions and dismiss each of Plaintiff's claims.

To state a claim under the TVPA, a plaintiff must allege a defendant knowingly, in interstate commerce, enticed a plaintiff through force, fraud, or fear to engage in a commercial sexual act. 18 U.S.C. § 1591. Plaintiff's complaint reiterates the formulaic elements of a TVPA claim but alleges virtually no facts in support. The Court should not countenance these conclusory, threadbare allegations against Campbell (or any other defendant). For the reasons set forth in the Motion to Dismiss that co-defendant Calvin Broadus (known as "Snoop Dogg") filed, Plaintiff's complaint fails to state a claim under TVPA. Campbell joins each of the arguments made by Broadus in his Motion to Dismiss.

Plaintiff's remaining state law claims against Campbell should also be dismissed. Under California law, Plaintiff was required to bring her state claims within two years of the alleged conduct. Because she waited nearly nine years to bring those claims, they are time barred.

In sum, the Court should dismiss Plaintiff's allegations against Campbell for failure to state a claim for relief under federal law and because the state law claims are time barred.

## II. BACKGROUND

Plaintiff alleges on May 29, 2013, she and an unidentified friend attended one of Broadus's shows at a nightclub in Anaheim, California. Compl. ¶ 40. Plaintiff and her friend entered a "VIP room," where they encountered Campbell. *Id.*

Plaintiff claims that Campbell invited her and her friend to Broadus's studio later that night. *Id.* ¶ 42. After visiting the studio, Campbell took Plaintiff to his house. *Id.* ¶ 44. Plaintiff alleges that when she arrived at Campbell's home, she "was exhausted and fell asleep." *Id.* ¶ 44. Plaintiff woke up next to Campbell the next morning, at which time, according to her complaint, he purportedly "shoved his penis into Plaintiff's mouth." *Id.* ¶ 45.

That same morning, Campbell purportedly told Plaintiff to get dressed and to come with him to see Broadus. She claims Campbell told her, "I want to see if [Broadus] will make you a weather girl," he "wants you there," and accompanying Campbell that morning "is a career move." *Id.* ¶ 48. The complaint alleges—after what it now claims was Campbell's "sexual assault"—that Plaintiff inexplicably, voluntarily went with Campbell "in hopes of advancing her career." *Id.* ¶ 48. Plaintiff does not explain what "hopes" she had, why she purportedly had them, or anything Broadus said or did to give her any such undefined "hopes."

According to the complaint, Plaintiff accompanied Campbell to a recording studio where Broadus was filming a television series. *Id.* ¶ 49. Plaintiff does not allege if that studio was the same one that she claims she visited the night before. Plaintiff claims that while she was at the studio, she needed to use the bathroom; while using the toilet, Broadus entered and purportedly sexually assaulted her when he "removed his penis from his pants" and said, "Put it in your mouth." *Id.* ¶¶ 50-51. Plaintiff does not allege that Broadus made promises, enticements, or threats. *Id.* She does not claim Broadus said anything else—at any time—other than "I'll be back, I'll get you something to clean up with." *Id.* Plaintiff alleges that Broadus did not return. *Id.* ¶ 51. After the alleged bathroom incident, she alleges she wandered the studio, posed for a picture with Broadus and then left the building. *Id.* ¶ 57.

Her complaint alleges no further interaction with Campbell and bases her three claims against him on allegations taking place over a twenty-four-hour period,

nearly nine years ago. Plaintiff makes sporadic allegations that Campbell and Broadus were her "superiors" and putative employers and/or that she had a "common law employment relationship," but states no allegations of a job offer or promised job offer and admits no defendant ever hired her. *See, e.g.*, *id.* ¶¶ 58, 59, 65.

On February 9, 2022, just four days before Broadus's Super Bowl Halftime Show performance, Plaintiff filed her complaint against Broadus, Campbell, and various business entities. Plaintiff alleges claims against Campbell for: (1) violation of the Trafficking Victims Protection Act, 18 U.S.C. § 1595; (2) sexual assault; and (3) sexual battery. *See id.* ¶¶ 79-114.

### III.   LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). A complaint is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" without more. *Id.* After disregarding all of the "labels" and conclusory allegations, the Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (*quoting Iqbal*, 556 U.S. at 679).

## IV. ARGUMENT

### A. Plaintiff's TVPA Claim Fails

For the reasons set forth in Broadus's Motion to Dismiss, Plaintiff's complaint fails to state a claim under the TVPA. Campbell joins each of the arguments made by Broadus in his Motion to Dismiss.

### B. Plaintiff's State Law Claims Against Campbell Are Time Barred

Plaintiff's second and third claims for sexual assault and sexual battery are all based on the conduct she alleges occurred between May 29 and 30, 2013. *See* Compl. ¶¶ 40-51. Under California Code of Civil Procedure § 340.16, which was added in 2018 and made effective January 1, 2019, the statute of limitations for a sexual assault claim filed after January 1, 2019 is ten years. *See generally* Cal. Code Civ. Proc. § 340.16. Under California law, however, if a claim has already lapsed under an existing statute of limitations, the claim is not revived by the new statute of limitations absent an express statement from the California Legislature. *See Quarry v. Doe I*, 53 Cal. 4th 945, 955 (2012) ("The Legislature has authority to establish—and to enlarge—limitations periods. As we shall explain, however, legislative enlargement of a limitations period does not revive lapsed claims in the absence of express language of revival."); *Safechuck v. MJJ Prods., Inc.*, 43 Cal. App. 5th 1094, 1099–100 (2020) ("Lapsed claims will not be considered revived without express language of revival"). Section 340.16 does not expressly revive lapsed claims, except for ones involving sexual assaults occurring at a student health center, a scenario not applicable here. *See* Cal. Code Civ. Proc. § 340.16(c)(1); *Quarry*, 53 Cal. 4th at 964 (recognizing that language applying certain statutory amendments to "any action commenced on or after January 1, 1991" was "*insufficient* to revive lapsed claims" (emphasis in original; citation omitted)).

1  Here, Plaintiff alleges the sexual assault and sexual battery took place in May
2  2013. At the time, the applicable statute of limitations was the two-year statute of
3  limitations for assault and battery in California Code of Civil Procedure 335.1. *See*
4  *Beaudoin v. Schlachter*, 672 F.App'x 706 (9th Cir. 2016) (case predating enactment
5  of Section 340.16 holding district court properly dismissed sexual assault claim as
6  time-barred under Section 335.1's two-year limitations period); *O'Connor v.*
7  *Franke*, 2016 WL 10957850, at *3 (C.D. Cal. Sept. 23, 2016) (recognizing Section
8  335.1 established a two-year statute of limitations for sexual battery); *Villalvaso v.*
9  *Odwalla, Inc.*, 2011 WL 1585604, at *9 (E.D. Cal. Apr. 25, 2011) (same). Because
10 Plaintiff filed her complaint nearly nine years after the alleged conduct, her sexual
11 assault, and sexual battery claims lapsed in May 2015 under the previously
12 applicable Section 335.1. Section 340.16 does not revive her claims and is therefore
13 inapplicable here.
14  Because Plaintiff's sexual assault and sexual battery claims are time barred,
15 Campbell requests they be dismissed with prejudice.

## V. CONCLUSION

For the reasons stated above, as well as those set forth in Broadus's Motion to Dismiss, Campbell respectfully requests that the Court grant this Motion and dismiss with prejudice each of Plaintiff's claims against him.

Dated: February 24, 2022　　　　GESSIN LTD

By: */s/ Jesse Gessin*
　　　Jesse Gessin

*Counsel for Defendant Donald Campbell*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action.  The Gessin Ltd mailing address is 806 E. Avenida Pico, Suite I-291, San Clemente, CA  92673.  On February 24, 2022, I served the foregoing document described as

**DEFENDANT DONALD CAMPBELL'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

**SERVED BY U.S. MAIL:** There are currently no individuals on the list to receive mail notices for this case.

**SERVED BY CM/ECF:** I certify that, on February 24, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  The filing of the foregoing document will send copies to the following CM/ECF participants:

The following are those who are currently on the list to receive e-mail notices for this case.

Matt Evan Orellana Finkelberg
matt@dereksmithlaw.com

Jennifer L. Keller
jkeller@kelleranderle.com, cmckinney@kelleranderle.com, lcano@kelleranderle.com, iandrade@kelleranderle.com

Steffeny Holtz
steffeny@sholtzlaw.com, esqcolombo@aol.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on February 24, 2022, at San Clemente, California.

*/s/ Jesse Gessin*
Jesse Gessin

*Counsel for Defendant Donald Campbell*