**DEREK SMITH LAW GROUP, LLP**
Matt E.O. Finkelberg, (SBN 329503)
633 West 5th Street, Suite 3250
Los Angeles, CA 90071
Telephone:     (310) 602-6050
Facsimile:     (310) 602-6350
Email:         matt@dereksmithlaw.com

*Attorneys for Plaintiff JANE DOE*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an Individual Woman,<br><br>        Plaintiff,<br><br>        vs.<br><br>CALVIN BROADUS AKA "SNOOP DOGG", individually; DONALD CAMPBELL AKA "BISHOP DON MAGIC JUAN", individually; SNOOP DOGG'S, LLC; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; and MERRY JANE EVENTS, INC.;<br><br>        Defendants. | Case No. 2:22-cv-00900<br><br>FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES<br><br>1.  Trafficking Victims Protection Act 18 U.S.  Code § 1591;<br>2.  Sexual Battery;<br>3.  Sexual Assault;<br>4.  Retaliation Under Title VII;<br>5.  Retaliation in Violation of the FEHA [Cal. Gov't Code §§12940(h)];<br>6   Harassment in Violation of the FEHA [Cal. Gov't Code §12940(j)];<br>7.  Aiding And Abetting In Violation Of Gov"T Code §§ 12940 Et Seq.;<br>8.  Failure To Prevent Harassment and Retaliation In Violation of FEHA [Cal. Gov't Code §12940(k)];<br>9.  Defamation;<br>10. False Light;<br>11. Intentional Infliction of Emotional Distress;<br>12. Negligent Infliction of Emotional Distress; and |

13. Unlawful Retaliation In Violation Of
California Labor Code § 1102.5

DEMAND FOR JURY TRIAL

Plaintiff, Jane Doe, by and through her attorneys, Derek Smith Law Group, LLP, hereby complains of Defendants CALVIN BROADUS AKA "SNOOP DOGG", individually; DONALD CAMPBELL AKA "BISHOP DON MAGIC JUAN", individually; SNOOP DOGG'S, LLC; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; and MERRY JANE EVENTS, INC. upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action charging Defendants violated Plaintiff's rights pursuant to, inter alia, Trafficking Victims Protection Act 18 U.S. Code § 1591, and laws of the State of California, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff suffered as a result of being sexually assaulted, battered, retaliated against, harassed, and defamed.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under 18 U.S. Code § 1591. The Court also has

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent

jurisdiction thereto.

3.    Additionally, 28 U.S.C. §1331 states that "The district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

of the United States."

4.    This Court has supplemental jurisdiction over the related state law and

local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims

under California law form part of the same case or controversy under Article III of the

United States Constitution. Plaintiff's state law claims share all common operative

facts with Plaintiff's federal law claims, and the parties are identical.

5.    Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Central District

of California because as described further herein, a substantial part of the events or

omissions giving rise to the claims herein occurred in Los Angeles County, State of

California and within the Judicial District for the Central District of California.

Moreover, Plaintiff resides in this District, and DEFENDANTS operate their business

in this District.

6.    Accordingly, this action properly lies in the Central District of California

pursuant to 28 U.S.C. 1391.

7.      Around March 10, 2022, Plaintiff received a Right to Sue Letter from the California Department of Fair Employment and Housing and filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

8.      Defendants are subject to suit under the California Fair Employment and Housing Act ("FEHA") as they regularly employ five or more persons in the State of California. [Gov't Code § 12926(d).]  FEHA prohibits harassment and retaliation on the basis of race, sex, color, national origin, ancestry and age, among other acts, by an employer against employees and applicants.

## THE PARTIES

9.      At all times relevant for purposes of this Complaint, Plaintiff, JANE DOE ("Plaintiff") has been a resident of the State of California.

10.     Plaintiff is a sexual assault victim and is identified herein as JANE DOE. Please see *Doe v. Blue Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 872 (7th Cir.1997) ("fictitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses"). Additionally, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y.2006); *see also Doe v. Evans,* 202

F.R.D. 173, 176 (E.D.Pa.2001) (granting anonymity to sexual assault victim). Doe v Penzato, CV10-5154 MEJ, 2011 WL 1833007, at *3 [ND Cal May 13, 2011]

11.  At all times material, Defendant SNOOP DOGG'S LLC ("SNOOP") was and is a corporation doing business in the State of California, with their principal place of business located at 1880 Century Park East #200, Los Angeles, CA 90067. Defendant SNOOP held supervisory authority over Plaintiff, controlling various tangible aspects of Plaintiff's employment, including the ability to hire and fire Plaintiff.

12.  At all times material, Defendant THE BROADUS COLLECTION, LLC ("COLLECTION") was and is a corporation doing business in the State of California, with their principal place of business located at 1880 Century Park East #200, Los Angeles, CA 90067. Defendant COLLECTION held supervisory authority over Plaintiff, controlling various tangible aspects of Plaintiff's employment, including the ability to hire and fire Plaintiff.

13.  At all times material, Defendant CASA VERDE CAPITAL, LLC ("CAPITAL") was and is a corporation doing business in the State of California, with their principal place of business located at 750 N San Vicente Blvd. #800, West Hollywood, CA 90069. Defendant CAPITAL held supervisory authority over Plaintiff, controlling various tangible aspects of Plaintiff's employment, including the ability to hire and fire Plaintiff.

14.     At all times material, Defendant MERRY JANE EVENTS, INC. ("EVENTS") was and is a corporation doing business in the State of California, with their principal place of business located at 2058 N Mills Ave #441, Claremont, CA 91711. Defendant EVENTS held supervisory authority over Plaintiff, controlling various tangible aspects of Plaintiff's employment, including the ability to hire and fire Plaintiff.

15.     At all times material, Defendant CALVIN BROADUS AKA "SNOOP DOGG" ("SNOOP DOGG") was and is the Owner of Defendants SNOOP, COLLECTION, CAPITAL, and EVENTS. Defendant SNOOP DOGG held supervisory authority over Plaintiff, controlling various tangible aspects of Plaintiff's employment including the ability to hire and fire Plaintiff.

16.     At all times material, Defendant DONALD CAMPBELL AKA "BISHOP DON MAGIC JUAN" ("CAMPBELL") was and is the Spiritual Advisor, employee, agent, representative, and servant for Defendants SNOOP DOGG, SNOOP DOGG'S LLC; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; and MERRY JANE EVENTS, INC.

17.     Defendants SNOOP DOGG'S LLC; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; and MERRY JANE EVENTS, INC. are an "employer" as defined by California *Government Code Sections* 12926(d), 12940(a), 12940(h) and 12940(j)(4)(A).

18.     Each DEFENDANT sued in this action acts and acted, in all respects pertinent to this action, as the agent of the other DEFENDANTS, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each DEFENDANT are legally attributable to the other DEFENDANTS

19.     Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over Plaintiff.  Each Defendant had the power to hire and fire Plaintiff, supervise and control Plaintiff's work schedule and/or conditions of employment, determine Plaintiff's rate of pay, and maintain Plaintiff's employment records.  Defendants suffer or permit Plaintiff to work and/or "engage" Plaintiff so as to create a common law employment relationship.  As joint employers of Plaintiff, Defendants are jointly and severally liable for all relief available to Plaintiff under the law.

20.     At all times material, Plaintiff was and is a female residing in the State of California.

21.     Defendants were Plaintiff's joint employers and/or prospective employers.

FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

## FACTS COMMON TO ALL CAUSES OF ACTION

22.     At all times material, Plaintiff was and is a female residing in the State of California.

23.     Throughout Plaintiff's career, Plaintiff has worked as a professional dancer, model, actress, host, and spokesmodel for Muse Ink Festival, Comedy Central, and CNN.

24.     For several years, Plaintiff worked for, was employed by, and performed with Defendant SNOOP DOGG; SNOOP DOGG'S LLC; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; MERRY JANE EVENTS, INC.; Defendant CAMPBELL, and other rappers who toured with Defendant SNOOP DOGG, such as Weston Frye, Lil' Nate Dogg, Kurrupt, Sugar Free, and Warren G.

25.     During these performances, Plaintiff worked for Defendant SNOOP DOGG and Defendant SNOOP DOGG's companies: Defendants SNOOP DOGG'S LLC; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; and MERRY JANE EVENTS, INC.

26.     Defendants SNOOP DOGG, SNOOP DOGG'S LLC; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; MERRY JANE EVENTS, INC., and CAMPBELL employed Plaintiff as a dancer on stage as part of their concerts and shows.

27.    Defendant SNOOP DOGG is the owner, agent, officer, and proxy for Defendants SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.

28.    Plaintiff obtained exposure as a Dancer for Defendants, which allowed Plaintiff to obtain sponsorships, modeling jobs, and event hosting.  Many of these sponsorships and modeling jobs were also distributed nationwide.

29.    Defendants SNOOP DOGG, SNOOP DOGG'S LLC; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; MERRY JANE EVENTS, INC., and CAMPBELL knowingly compensated Plaintiff through sponsorships, modeling jobs, event hosting, and future business with Defendants when they hired and/or allowed Plaintiff to perform at their shows and concerts.

30.    Defendant CAMPBELL, an agent, employee, and proxy for Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.  would tell Plaintiff, "*Snoop wants you here*," "*This will make you go viral*," and "*This is for your career*."  By doing this, Defendant CAMPBELL demonstrated that Plaintiff will be compensated for her work with Defendants and that she will be working for Defendants at shows and concerts which Defendants profited from.

31.    Defendant CAMPBELL, as an agent for Defendants and with Defendants SNOOP DOGG, SNOOP DOGG'S LLC; THE BROADUS COLLECTION, LLC;

CASA VERDE CAPITAL, LLC; and MERRY JANE EVENTS, INC.'s knowledge and approval, engaged in a common scheme of recruiting, enticing, and harboring Plaintiff, and individuals similarly situated to Plaintiff, with the intent for Plaintiff to engage in sexual activities with Defendants SNOOP DOGG and CAMPBELL, in exchange for access to employment with Defendants, which included, but are not limited to, being a dancer at Defendants shows, promoting Defendants shows, hosting Defendants shows, and appearing on Defendants shows such as "*GGN: Snoop Dogg's Double G News Network*."

32.     At all times material, Defendants SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. produced, hired for, operated, and organized Defendant SNOOP DOGG's and other artists, including Defendant CAMPBELL's, concerts, shows, performances, and videos that were distributed nationwide.

33.     In addition to this, Plaintiff received gifts from Defendant SNOOP DOGG, CAMPBELL, other rappers, and sponsors in exchange for performing on stage and dancing with them at their shows.

**I.  Defendant SNOOP DOGG's History of Sexual Abuse, Harassment, Threatening of Females, and Retaliation and Unconscionable Acts that Deterred and Estopped Plaintiff from Filing Earlier**

34.    Defendant SNOOP DOGG has a long history of sexually abusing women, retaliating against and threatening them when they complain, and terminating employees who object to his unlawful conduct.

35.    This history demonstrates a continuous pattern of sexual abuse, reckless indifference for the rights of others, and retaliatory threats and conduct when others object to unlawful conduct. This information further supports punitive damages and is admissible under F.R.E. 415. It also demonstrates that in keeping with SNOOP DOGG's pattern of conduct, he is likely to retaliate against and possibly harm Plaintiff JANE DOE for her opposition to his sexual assault. This is another reason for Plaintiff's anonymity. Furthermore, to the extent SNOOP DOGG takes any retaliatory action against Plaintiff JANE DOE, Plaintiff hereby claims retaliation for exercising her rights as stated herein. It is anticipated that SNOOP DOGG will sue Plaintiff JANE DOE for extortion just as he did to Kylie Bell in an effort to intimidate her. Plaintiff claims unlawful retaliation in the event of such lawsuit.

36.    Defendant SNOOP DOGG refers to himself as a "Pimp."  In an interview with *Rolling Stone*, Defendant SNOOP DOGG said that in 2003, "***I put an organization together.  I did a Playboy tour, and I had a bus follow me with ten***

*bitches on it.  I could fire a bitch, fuck a bitch, get a new ho: it was my program.*
*City to city, titty to titty, hotel room to hotel room, athlete to athlete, entertainer to*
*entertainer…I get a couple of their players to come hang out, pick and choose, and*
*whichever one you like comes with a number.  A lot of athletes bought puss from*
*me…I dreamed of being a pimp*."

37.    Around January 28, 2005, a Emmy winning makeup artist named Kylie
Bell stated in a filed lawsuit against Defendant SNOOP DOGG that on January 31,
2003, "she had been drugged," and that "[Defendant SNOOP DOGG] raped Bell in
violation of Penal Code section 261."  Bell was told not to tell police because
"[Defendant SNOOP DOGG] **was a gang member and that he would send**
**someone to kill her if she reported the incident to the police**."

38.    Around December 10, 2004, in an attempt to further intimidate and
prevent Ms. Bell from filing a lawsuit against Defendant SNOOP DOGG for rape,
Defendant SNOOP DOGG filed his own retaliatory preemptive lawsuit against Ms.
Bell for extortion.

39.    Around January of 2014, three of Defendant SNOOP DOGG's
bodyguards complained that they were not being paid for overtime in violation of
California labor code. Defendant SNOOP DOGG terminated them in retaliation for
their complaints.

40.     Defendant SNOOP DOGG's threatened female rapper, Iggy Azalea, by saying, "***Now I said what I said bitch now let it go before I go all in on ya pink punk ass yeah u bitch!!***," and "***Say Bitch.  You're fucking with the wrong n\*\*ga! And your n\*\*ga betta check you before I do.  You fucking bitch.  Yeah, you fucking cunt.***"

41.     Around May 18, 2018, during an interview on the Radio Show, *The Breakfast Club Power 105.1*, Defendant SNOOP DOGG was asked, "Do you look back at some of your old lyrics given the climate of what is happening today with women's empowerment, and be like 'damn that is kind of fucked up that I said that?'" Defendant SNOOP DOGG responded, "***Nope. Nope. Hell No. That was me. Fuck them hoes. Straight up.  Fuck a Bitch…I'm just saying that's me back then.  At the time I was making that music. That's who [Defendant SNOOP DOGG] was.  I cannot change that***."

42.     Around February of 2020, after an interview in which female CBS News Anchor, Gayle King, discussed the sexual allegations against Kobe Bryant, Defendant SNOOP DOGG threatened Ms. King's safety by saying, "***I wanna call you one…Funky, dog-haired bitch, how dare you try and tarnish my motherfucking homeboy's reputation, punk motherfucker…Respect the family and back off bitch, before we come get you***."

43.     In response to the allegations made against Bill Cosby for rape, drug-facilitated sexual assault, sexual battery, and child sexual assault spanning over decades, Defendant SNOOP DOGG posted a picture on his Instagram account in which he said, "***Free bill Cosby***."

44.     Throughout Defendant SNOOP DOGG's career, he opened his concerts by saying, "***Girls.  Do you want me to make you famous?  Then get down on both knees, bitch***."

45.     As can be seen from the above, Defendant SNOOP DOGG engages in a pattern and practice of sexually assaulting women, threatening women, and retaliating against those who oppose unlawful behavior.

46.     The following public background on Defendant SNOOP DOGG is further evidence on why Plaintiff should be allowed to proceed as a JANE DOE. The following public background is also relevant as to why Plaintiff did not fight Defendant SNOOP DOGG when he sexually assaulted her. It is also relevant to Plaintiff's claim of estoppel with regard to certain Statutes of Limitations out of fear of coming forward. Plaintiff claims estoppel with regard to certain Statutes of Limitations in light of unconscionable acts that deterred her from filing claims as required to state theory of estoppel. <u>Bianco v Warner</u>, 221CV03677FLAMARX, 2021 WL 4840470 [CD Cal Oct. 7, 2021]

47.     Lastly, it is evidence of Defendant SNOOP DOGG's reckless disregard for others and going to his credibility:

- Defendant Snoop Dogg was arrested and charged with the murder of a member of a rival gang who was allegedly shot and killed by Snoop Dogg's bodyguard. Defendant Snoop Dogg was purportedly driving the vehicle from which the gun was fired.

- In July 1993, Defendant Snoop Dogg was stopped for a traffic violation and a firearm was found by police during a search of his car.

- In February 1997, Defendant Snoop Dogg pleaded guilty to possession of a handgun.

- Defendant Snoop Dogg was arrested in October 2006 at Bob Hope Airport in Burbank after being stopped for a traffic infraction. He was arrested for possession of a firearm and for suspicion of transporting an unspecified amount of marijuana, according to a police statement.

- The following month, after taping an appearance on *The Tonight Show with Jay Leno,* he was arrested again for possession of marijuana, cocaine and a firearm. Two members of Snoop's entourage, according to the Burbank police statement, were admitted members of the Rollin 20's Crips gang, and were arrested on separate charges.

- In April 2007, he was given a three-year suspended sentence, five years' probation, and 800 hours of community service after pleading no contest to two felony charges of drug and gun possession by a convicted felon.

- On April 26, 2006, Snoop Dogg and members of his entourage were arrested after being turned away from British Airways' first class lounge at Heathrow Airport in London, England. Snoop and his party were denied entry to the lounge due to some members flying in economy class. After being escorted outside, the group got in a fight with the police and vandalized a duty-free shop. Seven police officers were injured during the incident.

## II.  Defendants Sexual Assault and Battery of Plaintiff

48.     Around May 29, 2013, during the time period that Plaintiff was a dancer, model, and performer for Defendants, Plaintiff JANE DOE and her friend attended one of Defendant SNOOP DOGG's shows at Club Heat Ultra Lounge, a night club in Anaheim, CA. While at the show Plaintiff and her friend entered the VIP room where they ran into Defendant CAMPBELL.

49.     By way of background, Defendant CAMPBELL is a former "Pimp" and creates fear in women. Defendant CAMPBELL, referred to the "girls" who "worked" for him that "got out of line," by stating, "***You have to create fear in that female.***

FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

*You have to tell her that if she do something wrong that you going to kill her.  And you have to instill this into her to when she do something wrong, and you whooping her and checking her, that she says to you, 'Daddy, Please don't kill me like you said you was*."  Defendant CAMPBELL is Defendant SNOOP DOGG's "Spiritual Advisor."

50.    That night, in line with Defendants' common scheme discussed above, Defendant CAMPBELL invited Plaintiff and Plaintiff's friend to go back to Defendant SNOOP DOGG's studio with Defendants CAMPBELL and SNOOP DOGG. Plaintiff and Plaintiff's friend agreed and went with Defendants CAMPBELL and SNOOP DOGG.

51.    Later that same night, Plaintiff's friend left around midnight because Defendants made her uncomfortable and unsafe, leaving Plaintiff alone with Defendants CAMPBELL and SNOOP DOGG. Defendant CAMPBELL offered to Plaintiff, "I can take you home or I can take you back to my place with me." Plaintiff asked Defendant CAMPBELL to drop her off at her home.

52.    Shortly thereafter, Plaintiff left with Defendant CAMPBELL and fell asleep in the car. When Plaintiff awoke, Plaintiff was still in the car with Defendant CAMPBELL. After a short time, Plaintiff and Defendant CAMPBELL arrived at Defendant CAMPBELL's home despite Plaintiff's request that she be dropped off at her home. Plaintiff was exhausted and fell asleep at Defendant CAMPBELL's home.

53.    Around 4:00 AM the next morning, Plaintiff awoke to Defendant CAMPBELL turning Plaintiff to face Defendant CAMPBELL. Defendant CAMPBELL removed his penis from his pants and forced his penis in Plaintiff's face. Defendant CAMPBELL repeatedly shoved his penis into Plaintiff's mouth. Defendant CAMPBELL's penis was flaccid as he was forcing his penis into Plaintiff's mouth.   After some time, Defendant CAMPBELL turned away from Plaintiff leaving her alone.

54.    Defendant CAMPBELL leveraged his relationship, employment, and agency of Defendants SNOOP DOGG, SNOOP DOGG's LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. to place himself in a position of power and authority over Plaintiff to force Plaintiff to engage in sexual acts.

55.    Because Plaintiff worked for Defendants, Defendant CAMPBELL thought he was entitled to sexually abuse Plaintiff. Defendant CAMPBELL sexually abused Plaintiff because he specifically viewed Plaintiff as one of his prostitutes whom he could sexually abuse with impunity.  Moreover, Defendant CAMPBELL believed he was able to sexually assault and batter Plaintiff because he provided Plaintiff with other work with SNOOP DOGG and the other Defendants, work which Defendants all profited from.

56.     Defendant CAMPBELL discriminated against and harassed Plaintiff because of Plaintiff's sex and gender.

57.     Defendant CAMPBELL sexually harassed, sexually assaulted, and sexually battered Plaintiff.

58.     Subsequently, Defendant CAMPBELL told Plaintiff, "***Here, put this dress on***."  Plaintiff was not feeling well, and replied, "***Can't I sleep? I don't feel well***." Defendant CAMPBELL insisted and aggressively stated, "***Put the dress on***", "***let's go to Snoop's videotaping. I want to see if he will make you the weather girl***," and "***C'mon Snoop wants you there***," implying that Plaintiff did not have a choice. Defendant CAMPBELL urged Plaintiff, "***Snoop wants you there.  Let's go. This is a career move***." Plaintiff complied in hopes of advancing her career.

59.     Although Plaintiff had a stomachache, she abided by Defendant CAMPBELL's demands and put on the dress Defendant CAMPBELL ordered her to wear in hopes of obtaining the GGN "Weather Girl" position and/or another job with Defendants through future dancing jobs.

60.     As other similarly situated women have described, it was common for Defendant CAMPBELL to leverage his relationship, employment, and agency afforded by Defendants SNOOP DOGG, SNOOP DOGG's LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. to place himself in a position of power and authority over these

individuals to force them to engage in sexual acts.  Defendant CAMPBELL has

additionally instructed others to wear specific outfits for him which he found to be

more attractive or thought his employer or Defendant SNOOP DOGG would find

more attractive.

61.     Defendants were all aware of, encouraged, and allowed for Defendant

CAMPBELL and SNOOP DOGG to engage in, use, and profit from this scheme while

making women engage in sexual acts on them in exchange for employment

opportunities.

62.     Defendants SNOOP DOGG, SNOOP DOGG's LLC, THE BROADUS

COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE

EVENTS, INC. created and produced a web video series which was uploaded on to

Youtube.com called, *GGN: Snoop Dogg's Double G News Network* ("GGN").

63.     Defendant CAMPBELL was a star and actor for GGN appearing in many

of the shows.

64.     Defendant CAMPBELL had the ability to bring actresses and models

onto the show.

65.     Defendants profited from GGN as they received revenue from its viewers

who watched the show worldwide as it was posted on the internet for millions to see.

66.     One of the "important" or well-known roles that was on GGN was the "Weather Girl."  Defendants hired models, usually scantily dressed or in bikinis, to dance as they described the weather.

67.     The "Weather Girl" position is what Defendant CAMPBELL told Plaintiff she had the opportunity to be employed for, by explicitly telling Plaintiff, "*I want to see if [Defendant SNOOP DOGG] will make you the weather girl*," and that this is "a career move." Defendant CAMPBELL's offer of employment blatantly implies that money will be involved and that future employment was to be expected with Defendants if she complied with Defendant CAMPBELL and SNOOP DOGG's demands.  Defendant CAMPBELL's statements showed that Defendant CAMPBELL and SNOOP DOGG not only obtained revenue and profited off of GGN's "Weather Girls," but that Defendant CAMPBELL and SNOOP DOGG had the complete authority to hire, compensate, and make Plaintiff a "Weather Girl," which would then allow Plaintiff to advance her career.

68.     The "Weather Girls" for Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG's LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. generated revenue and viewership for Defendants that was worldwide.  The position of "Weather Girl" provided a potential source of income, exposure, and career advancement for Plaintiff.

69.     Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG's LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. continued to use these women as "Weather Girls," or dancers for their shows, were aware of what these women were forced to do in order to obtain employment, and allowed this conduct to continue while profiting from the revenue and viewership the women generated for Defendants.  The revenue and viewership Defendants received was worldwide, as much of their revenue came from viewership of the content that included these women and was posted on the Internet and social media services such as Youtube.com, Facebook.com, and Instagram.

70.     Defendant CAMPBELL, in furtherance of the scheme of recruiting and enticing women to have sexual relations with himself and Defendant SNOOP DOGG in exchange for employment opportunities, told Plaintiff what to wear so that Defendant SNOOP DOGG would be more attracted to Plaintiff and inclined to hire Plaintiff as a "Weather Girl. " Moreover, Defendant CAMPBELL, unbeknownst to Plaintiff, was essentially grooming Plaintiff and preparing Plaintiff to have sexual relations with Defendant SNOOP DOGG in exchange for work as a "Weather Girl."

71.     In short, it was Defendants' scheme and common practice for Defendant CAMPBELL to "pimp out," prostitute, or exploit females interested in working for Defendants to Defendant SNOOP DOGG and himself, thereby affecting interstate commerce.  This affected interstate commerce because Defendant CAMPBELL

attempted to "pimp out," prostitute, and/or exploit Plaintiff in exchange for putting Plaintiff on GGN, an interstate internet/television show which obtained revenue from individuals throughout the nation for Defendants, and would have obtained revenue, employment, and future employment for Plaintiff.

72.     Plaintiff and Defendant CAMPBELL arrived at the recording studio where Defendant SNOOP DOGG filmed GGN. While waiting for production to begin, Plaintiff observed the view out the window when Plaintiff made eye contact with Defendant SNOOP DOGG in a window across the way. Defendant SNOOP DOGG leered at Plaintiff, undressing her with his eyes.

73.     Shortly thereafter, Plaintiff had a stomachache and went to the bathroom. While Plaintiff was on the toilet, Defendant SNOOP DOGG opened the door to the bathroom while Plaintiff was on the toilet. He then shut the door with him between the door and Plaintiff on the toilet. Standing with his crotch in Plaintiff's face, while Plaintiff was defecating on the toilet, Defendant SNOOP DOGG removed his penis from his pants and grabbed Plaintiff's shoulder, and ordered Plaintiff, "***Put it in your mouth***." Plaintiff was panicked and terrified. She further recalled Defendant SNOOP DOGG's criminal history including his alleged gang affiliation and previous rape allegations, and reluctantly complied with Defendant SNOOP DOGG afraid for her safety and for her life.

74.     After a few minutes, Defendant SNOOP DOGG withdrew his penis from Plaintiff's mouth, visibly unsatisfied with Plaintiff's reluctance and disgust of being forced to engage in oral sex with Defendant SNOOP DOGG, Defendant SNOOP DOGG proceeded to masturbate and ejaculated on Plaintiff's upper chest and lower neck. Defendant SNOOP DOGG stated, "*I'll be back, I'll get you something to clean up with*" and left the bathroom.  Defendant SNOOP DOGG never returned. He left Plaintiff there humiliated, terrified and panicked.

75.     Defendant SNOOP DOGG was aware of and knew that Plaintiff was there to obtain a job and to hopefully be a "Weather Girl" for GGN.  Defendant SNOOP DOGG requested Defendant CAMPBELL bring Plaintiff to the studio which is evidenced by Defendant CAMPBELL telling Plaintiff, "**Snoop wants you there**." Defendant SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. was aware of, encouraged, and partook in the "pimp out," exploitation, and prostitution scheme, and instructed Defendant CAMPBELL to bring Plaintiff to his studio for quid pro quo sexual acts in exchange for hiring Plaintiff as the "Weather Girl," or dancer for his other shows.

76.     Plaintiff denied Defendant SNOOP DOGG's sexual advances and refused to be "pimped out," exploited, or prostituted by Defendants, which resulted in

FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

Defendants refusing to hire Plaintiff in retaliation for her rebuffing Defendant SNOOP DOGG's sexual assault and battery.

77.     Had Defendants hired Plaintiff, they would have profited from her and obtained viewership because of her role as a "Weather Girl," or as a dancer and performer at Defendants' other shows and concerts.

78.     The assault and battery that Plaintiff was subjected to is similar to other victims of Defendant SNOOP DOGG.

79.     Defendant SNOOP DOGG sexually harassed, sexually assaulted, and sexually battered Plaintiff.

80.     Defendant SNOOP DOGG subjected Plaintiff to *quid pro quo* harassment.

81.     Defendant SNOOP DOGG's actions were sexually predatorial. Plaintiff found herself thinking about her job security if she displeased Defendant SNOOP DOGG. Plaintiff felt pressured by Defendant SNOOP DOGG due to his dominance, and his position of power over her, including his ability to hire and fire her and ensure that she would never be hired at the "Weather Girl," or in his industry again.

82.     Defendant SNOOP DOGG sexually assaulted and sexually battered Plaintiff.

83.     Shortly thereafter, Plaintiff, shocked, embarrassed, abandoned, and dejected, cleaned herself off in the bathroom sink and exited the bathroom. Plaintiff

– 25 –

1
2
3

turned right and locked eyes with Defendant SNOOP DOGG who, once again, leered

at Plaintiff. Plaintiff feared for her life and job security, and walked away.

4
5
6
7
8
9

84.     Plaintiff then went into the production room, lied on a couch, broke

down, and cried.  Tedd Chung, a friend of Defendant SNOOP DOGG and one of

GGN's producers walked into the room with several other people to discuss the script

for the show.  Mr. Chung then told Plaintiff to leave the room.  Plaintiff left the room

and sat with Bokeem Woodbine next to the green screen.

10
11
12
13
14
15
16
17
18
19
20

85.     Shortly thereafter, Defendant CAMPBELL spotted Plaintiff wandering

the studio and sitting on the couch with Mr. Woodbine, and waved her over to

Defendants CAMPBELL and SNOOP DOGG. Defendant CAMPBELL insisted,

"*Come here! Take a picture with Snoop!*" Plaintiff, mortified, embarrassed, and

fearing for her safety, walked over to Defendant SNOOP DOGG and stood next to

him for a picture.  Defendant CAMPBELL took a picture of Plaintiff with Defendant

SNOOP DOGG.  Defendant SNOOP DOGG told Defendant CAMPBELL, "*Make

sure you bring this one back*."   Plaintiff then left.

21
22
23
24

86.     Defendant SNOOP DOGG failed to hire Plaintiff because Plaintiff

refused to willingly and enthusiastically give oral sex to Defendant SNOOP DOGG,

and refused to orally give Defendant SNOOP DOGG an orgasm.

25
26
27

87.     Because Plaintiff refused to do the above, Defendant SNOOP DOGG did

not hire Plaintiff as a "Weather Girl."

28

88.     Defendants SNOOP DOGG and CAMPBELL abused their power as Plaintiff's superiors and sexually assaulted and battered Plaintiff.

89.     Plaintiff felt emotionally overwhelmed, anxious and violated.

90.     Defendants' actions and conduct were directed at intentionally harming Plaintiff.

91.     As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff has suffered anxiety, stress, depression, nightmares, sleep disturbances, post-traumatic stress, headaches, severe emotional distress and physical ailments.

92.     Defendants sexually harassed, assaulted, and battered Plaintiff.

93.     Defendants engaged in *quid pro quo* sexual harassment.

94.     Defendants SNOOP DOGG and CAMPBELL discriminated against and harassed Plaintiff because of Plaintiff's sex and gender; retaliated against Plaintiff for refusing to engage in a sexually intimate relationship and failed to hire Plaintiff.

95.     Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS sexually harassed, sexually assaulted, and sexually battered Plaintiff.

### III.  Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS Most Recent Acts of Harassment, Retaliation, Defamation, False Light, and Intentional Infliction of Emotional Distress Giving Rise to Causes of Action Four through Thirteen

96.     Plaintiff and Defendants agreed to attempt to resolve this dispute through a private mediation which took place on February 8, 2022 and finished early in the morning on February 9, 2022.

97.     The mediation was unsuccessful. Immediately after the mediation ended, and in direct retaliation for Plaintiff's complaints of sexual assault and sexual battery, Defendant SNOOP DOGG posted the below image on his Instagram, calling Plaintiff a "*Gold digger*," while including emoji's of a judge and police officer, obviously threatening, harassing, and retaliating against Plaintiff that he will take similar action against Plaintiff that Defendant SNOOP DOGG did with Ms. Bell.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





98.      Defendant SNOOP DOGG on behalf of himself and his entities, Defendants SNOOP, COLLECTION, CAPITAL, and EVENTS threatened Plaintiff with criminal prosecution and a lawsuit, and harassed Plaintiff because she complained of sexual harassment, assault, and battery.

99.      Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS retaliated against Plaintiff through the above Instagram post by posting emojis of a police officer, a judge, and money, insinuating that much like Defendant SNOOP DOGG had done in the past against Ms. Bell, and to intimidate and scare Plaintiff, that Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and

EVENTS will sue Plaintiff for extortion and will file criminal charges against Plaintiff.

100.   As a result of Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS' threats of retaliating against Plaintiff with a false claim of extortion, coupled with Defendants' history, forced Plaintiff to immediately file the pending lawsuit after Defendant SNOOP DOGG posted the above picture on Instagram.

101.   Moreover, Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS, through this Instagram post, which has since been deleted, also violated California Labor Code 1102.5 by retaliating against Plaintiff for her complaints of sexual harassment, assault, and battery.

102.   Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS pattern and practice of threats, retaliation, harassment, and intimidation unfortunately and unsurprisingly did not stop there.

103.   Around February 11, 2022, through Defendant SNOOP DOGG's counsel, Defendant SNOOP DOGG threatened and retaliated against Plaintiff and Plaintiff's Counsel by stating "he will pursue a malicious prosecution action against your client and your firm seeking tens of millions of dollars in damages."   Said threat was in direct retaliation for Plaintiff's claims of and complaints of unlawful sexual harassment, assault, and battery.

104.   After the pending lawsuit was filed on February 9, 2022, Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS authorized a "spokesperson" for Defendant SNOOP DOGG to release a statement to a journalist with Mediaite.com on February 11, 2022.  The spokesperson that was authorized to speak on behalf of Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS stated ("Defamatory Statement"):

> The allegations by [Jane Doe] of sexual assault by Calvin Broadus (known as Snoop Dogg), are simply meritless. They appear to be part of a self-enrichment shakedown scheme by [Jane Doe] to extort Snoop Dogg…[Jane Doe]'s scheme involves concocting a legal complaint as an anonymous "Jane Doe" plaintiff, and, knowing full well it can be a public document, filing this complaint late Wednesday, only three days before the Super Bowl. In the complaint, [Jane Doe] manufactures an occurrence of more than 8 years ago, in 2013, for her false allegations…[Jane Doe]'s shakedown scheme is disgraceful. Her attempt to use the courts to advance this scheme is shameful too, and does a disservice to real victims who deserve to be believed.
> [Plaintiff's name has been redacted from Defendants' statement above. The original contained Plaintiff's true identity despite the action being pursued anonymously.]

105.   After this statement which revealed Plaintiff's name, Plaintiff's Counsel released this statement:

> We have been made aware by a reporter that a "spokesperson" for Calvin Broadus (known as Snoop Dogg) released the name of our client to that reporter.
>
> Sexual assault victims are allowed to proceed anonymously for their own protection. Courts allow pseudonyms "when necessary to protect the privacy of … rape victims." The "public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." These laws also

protect the safety of sexual assault victims. We believe this is especially true when a Defendant has a criminal history.

By Mr. Broadus' spokesperson revealing our client's real name, this falls right in step with what we believe to be Mr. Broadus' *modus operandi* of harassing and intimidating women who oppose sexual misconduct or oppose him. We believe it is the Defendants' intention to attack and intimidate any woman who goes against them.

We are disgusted and appalled that a spokesperson for Mr. Broadus would do something so malicious. It takes a lot for women to finally muster the courage to come forward against their harassers. It is even harder for a woman to come forward against a sexual harasser who has an extensive criminal history and is idolized by millions. It is obvious that survivors should never have to face intimidation and threats from their harassers. Broadus' spokesperson's revelation of the Plaintiff's real name in this case is abhorrent. There are laws to protect their identities for a reason. We have concerns for our client's safety now that her identity has been revealed.

Our client had the courage to stand up for her rights and decided that her story could no longer be silenced.  Our client does not have the power of over 60 million Instagram followers or the elite celebrity status of "Snoop Dogg" and everything that comes with it. She is just one woman who was brave enough to stand up for herself. We applaud her bravery and hope that Mr. Broadus and his spokesperson's actions do not further deter women from coming forward against their sexual harassers. If enough women will stand up against their harassers, we will see a change for the better. However, if harassers like Mr. Broadus continue to retaliate against those who stand up to them, we are concerned there will be a disastrous chilling effect, and women will not come forward out of fear of retaliation. Even worse, harassers would feel emboldened to sexually assault without fear of consequences.

It is hypocritical to accuse our client of performing a disservice to other victims when this spokesperson just released the name of a survivor. This conduct may instill fear in other victims that their names will also be released in public despite the protections the law has given them.

FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

We are passionate and will continue to fight for our client.  The "Jane Doe" status is available to victims of sexual assault and must be protected.  We thank all individuals who have come forward to stand with our client, and hope that this conduct does not scare others from coming forward with their stories. We thank those who have shared with us over the past couple of days their experiences with Defendants.  We encourage other victims to always come forward.  **We also thank all news outlets that refuse to publish the real name of our client.** We will continue to protect sexual assault survivors and fight for their rights.

Until the appropriate time when a motion is made to address Plaintiff's right to proceed anonymously.  We hereby request that Defendants' be enjoined from making any further public reference to Plaintiff's true identity.

106.   Despite the fact that Plaintiff has redacted her name, which is her right in the pending lawsuit and a protection that the law has afforded her and other similarly situated victims of sexual harassment, assault, and battery, Defendants intimidated, threatened, and scared Plaintiff and other victims of sexual harassment, assault, and battery by releasing Plaintiff's name to the media, public, and millions of people.

107.   By releasing Plaintiff's name, Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS yet again, demonstrate how they continue the pattern and practice of scaring, intimidating, retaliating against, and harassing victims of sexual harassment, assault, and battery.

108.   Defendants released her name with the knowledge, intention, and hope that Defendants' millions of followers would harass, intimidate, and threaten Plaintiff.

109.    Because Defendants knowingly released Plaintiff's name to the public, Plaintiff has been subjected to harassment by Defendants' followers who have intimidated, threatened, and called Plaintiff names through Instagram and social media.

110.    Defendant SNOOP DOGG has a large following and the ability to make threats to individuals and recruit other individuals to follow through with his threats. Defendant SNOOP DOGG has made them in the past, has made them to Plaintiff, and revealed her name to his millions of followers, intentionally making Plaintiff vulnerable to further retaliation from Defendants and their followers, especially considering Defendant SNOOP DOGG's past and what was stated in Ms. Bells Complaint, "[Defendant SNOOP DOGG] **was a gang member and that he would send someone to kill her if she reported the incident to the police**."

111.    Plaintiff's fear stems from the fact that Defendant SNOOP DOGG has threatened numerous women as shown above.  For example, Defendant SNOOP DOGG told Iggy Azalea, "***And your n\*\*ga betta check you before I do***," and Gayle King, "***Respect the family and back off bitch, before we come get you***."  Considering Defendant SNOOP DOGG's fan base and following, it is terrifying to imagine what he means when he also told Ms. King, "***Before we come get you***."

112.    Plaintiff fears that Defendant SNOOP DOGG will continue to carry out these threats.

– 34 –
FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

113.   Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS released this statement with the intent and effect of revictimizing Plaintiff, destroying her professional reputation, outing Plaintiff's identity so Defendants' millions of followers can also retaliate, harass, and threaten Plaintiff, and subjecting Plaintiff to violence and threats of violence from Defendants' millions of followers and supporters, causing Plaintiff severe emotional distress.

114.   Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS retaliated against, harassed, intimidated, and threatened Plaintiff.

115.   Moreover, Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS, through this statement has also violated California Labor Code 1102.5 by retaliating against Plaintiff for her complaints of sexual harassment, assault, and battery.

116.   Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS through their spokesperson, publicly called Plaintiff a liar by stating she "concocted" her claims, and that Plaintiff attempted to "extort" Defendants, ironically and ridiculously making Plaintiff out to be the one attempting to "shakedown" Defendants.

117.   In the statement above in Paragraph 103, Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS, through their spokesperson, said

> (a) *They appear to be a part of a self-enrichment shakedown scheme.*

(b) *To extort Snoop Dogg*

(c) *In the complaint, [Jane Doe] manufactures an occurrence of more than 8 years ago, in 2013, for her false allegations.*

(d) *[Jane Doe's] scheme involves concocting a legal complaint*

(e) *Mr. Broadus has never had any sexual encounter whatsoever with [Jane Doe.]*

118.   Each of the purported statements of fact set forth above is false.

119.   The defamatory statements has a natural tendency to injure Plaintiff's reputation.

120.   The Defamatory statements were published by Defendants knowing that they were false.

121.   In the alternative, the Defamatory statements and each of them were published with reckless disregard as to their falsity.

122.   Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS defamed Plaintiff.

123.   Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS placed Plaintiff in a false light.

124.   Defendants disparately treated, disparately impacted, harassed and discriminated against Plaintiff because of Plaintiff's sex and gender; subjected Plaintiff to a hostile work environment and sexual harassment; failed to hire and

retaliated against Plaintiff because of Plaintiff's sex and gender, and because Plaintiff failed to willingly and enthusiastically participate in the oral sexual rape of Plaintiff.

125.   As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer from anxiety, loss of sleep, stress, and severe emotional distress.

126.   Because of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, bonuses, benefits, and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

127.   As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants.

128.   Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

129.   Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting conditions as a result of Defendants' discriminatory conduct.

130.   Plaintiff claims actual discharge and wrongful termination.

FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

131.   Plaintiff claims alternatively (in the event Defendant Claims so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable laws pertaining to Independent Contractors.  Furthermore, in such, case, Plaintiff claims that Defendant owed and breached its duty to Plaintiff to prevent the harassment/discrimination/retaliation and is liable therefore for negligence.

132.   Plaintiff claims that Defendants sexually harassed, assaulted, and battered Plaintiff, created a hostile work environment for Plaintiff, unlawfully discriminated against Plaintiff, disparately treated Plaintiff, disparately impacted Plaintiff, and retaliated against Plaintiff because of Plaintiff's sex and gender.

## **FIRST CAUSE OF ACTION**

### **FOR TRAFFICKING VICTIMS PROTECTION ACT (TVPA)**

(Against Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.)

133.   Plaintiff incorporates by reference and re-alleges the preceding paragraphs, as though fully stated herein.

134.   In addition to what is stated above, Defendants SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.engaged in interstate commerce as described herein

through, inter alia, their use of the internet, phones, text messages, advertising, promotion, and interstate concerts. Furthermore, the above "Weather Girl" position Defendants were using to entice Plaintiff for sex acts was a position on Defendants' interstate internet television show from which Defendants profited.  Defendants SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. in effecting interstate commerce by producing, running, and starring in the interstate internet television show GGN, through the enticement and recruitment of working at interstate music concerts and interstate internet television shows, enticed and recruited Plaintiff to appear at Defendants studio and be sexually assaulted and battered.  Thereafter, because Plaintiff was not a willing and enthusiastic participant in the sexual assault and battery, Defendants failed to place Plaintiff in the role of "Weather Girl" on the interstate internet/television show, preventing Plaintiff from additionally being compensated for her work.  Defendants enticed and recruited Plaintiff to be a "Weather Girl" and committed the sexual assault and battery on Plaintiff by force. Through Defendants' sexual assault and battery, Defendants SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. all would have profited and obtained revenue from Plaintiff if she has been made a "Weather Girl."  It was Defendants' scheme to profit from the "pimping out," prostitution, and exploitation of females by using them to

obtain viewership and revenue from Defendants' viewers who watched GGN to see the "Weather Girls." Through this scheme and attempted prostitution of Plaintiff, Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. continued to produce GGN with "Weather Girls," made money off of the "Weather Girls," and attempted to make money by using Plaintiff as a "Weather Girl," had she not complained of and rejected the sexual assault and battery of Defendants.

135.   Plaintiff brings this claim pursuant to all applicable sections of 18 U.S.C.A. §§ 1591, 1595 in that "An individual who is a victim of a violation of Section 1589, 1590, or 1591 of title 18, United States Code, may bring a civil action in any appropriate district court of the United States. The court may award actual damages, punitive damages, reasonable attorneys' fees, and other litigation costs reasonably incurred." 18 U.S.C.A. §1595(a).

136.   18 USC § 1591. Sex trafficking of children or by force, fraud, or coercion states as follows:

(a) Whoever knowingly--
(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

**(b)** The punishment for an offense under subsection (a) is--

**(1)** if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2), or by any combination of such means, or if the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had not attained the age of 14 years at the time of such offense, by a fine under this title and imprisonment for any term of years not less than 15 or for life; or

**(2)** if the offense was not so effected, and the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had attained the age of 14 years but had not attained the age of 18 years at the time of such offense, by a fine under this title and imprisonment for not less than 10 years or for life.

**(c)** In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.

**(d)** Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be fined under this title, imprisoned for a term not to exceed 25 years, or both.

**(e)** In this section:

**(1)** The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

**(2)** The term "coercion" means--

**(A)** threats of serious harm to or physical restraint against any person;

**(B)** any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

**(C)** the abuse or threatened abuse of law or the legal process.

**(3)** The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

**(4)** The term "participation in a venture" means knowingly assisting, supporting, or facilitating a violation of subsection (a)(1).

**(5)** The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

**(6)** The term "venture" means any group of two or more individuals associated in fact, whether or not a legal entity.

137.   Additionally, 18 USCA § 1595. Civil remedy states as follows:

(a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

(b)(1) Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim.

(2) In this subsection, a "criminal action" includes investigation and prosecution and is pending until final adjudication in the trial court.

(c) No action may be maintained under subsection (a) unless it is commenced not later than the later of--

(1) 10 years after the cause of action arose; or

(2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense.

138.   Broad, expansive language is employed in Trafficking Victims Protection Act (TVPA) and its remedial provision, which permits civil actions for damages under TVPA. *Noble v Weinstein*, 335 F Supp 3d 504 [SDNY 2018], mot to certify appeal denied, 17-CV-09260 (AJN), 2019 WL 3940125 [SDNY Aug. 5, 2019]

139.   Defendants subjected Plaintiffs to commercial sex acts by force and coercion, including both physical and financial.

140.   18 U.S.C. 1591 § (e)(3) defines a "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person."

141.   A commercial sex act means any sex act, on account of which anything of value is given to or received by any person. The specific conditions are the use of force, fraud, or coercion, or conduct involving persons under the age of 18. See the Department of Justice's definition: https://www.justice.gov/crt/involuntary-servitude-forced-labor-and-sex-trafficking-statutesenforced. "Section 1591 criminalizes sex trafficking, which is defined as causing a person to engage in a commercial sex act under certain statutorily enumerated conditions. A commercial sex act means any sex act, on account of which anything of value is given to or received by any person. The specific conditions are the use of force, fraud, or coercion, or conduct involving persons under the age of 18."

142.   Defendants conditioned Plaintiff's employment, on Defendants' ability to continue to sexually assault and engage in forced sex acts. Additionally, the financial aspect to the relationship was also an element of the "forced" sex acts.

143.   Defendants knowingly recruited, enticed, harbored, and/or obtained Plaintiff through means of force, threats of force, and by a combination of such

forceful means, and forcibly caused Plaintiff to engage in an unwanted sexual act for a commercial benefit.

144.   18 USC 1594 further provides liability for "Whoever conspires with another to violate section 1591" Defendants further conspired to violate 1591 as stated herein.

145.   18 USC 1594 further states that it shall be unlawful for anyone who "obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section." Assuming Defendants take such retaliatory action as stated above, Plaintiff makes a claim for such.

146.   Defendants are liable to Plaintiffs under 18 USCA § 1591, 1594 and 1595.

## SECOND CAUSE OF ACTION

### FOR SEXUAL BATTERY

(Against Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.)

147.   Plaintiff incorporates by reference and re-alleges the preceding paragraphs, as though fully stated herein.

148.   As described herein above, Defendants SNOOP DOGG and CAMPBELL caused, and intended to cause, imminent apprehension of a harmful and

offensive contact with an intimate part of another.  In doing these acts, Defendants SNOOP DOGG and CAMPBELL caused, and intended to cause, imminent apprehension of a harmful and offensive contact with Plaintiff, in violation of, inter alia, Civil Code section 1708.5, and related laws. At no time did Plaintiff consent to any of the acts of Defendants SNOOP DOGG and CAMPBELL described herein.

149.   As a result of Defendants SNOOP DOGG and CAMPBELL's conduct, Plaintiff was placed in apprehension and fear for her physical well-being.

150.   Defendants SNOOP DOGG and CAMPBELL's sexual battery involved actual physical contact.

151.   Defendants SNOOP DOGG and CAMPBELL did the aforementioned acts with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff's person and would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of Plaintiff's person that would offend a reasonable sense of personal dignity.

152.   Because of Defendants SNOOP DOGG and CAMPBELL's position of authority over Plaintiff, and Plaintiff's mental and emotional state, Plaintiff was unable to, and did not, give legal consent to such acts.

153.   As a direct, legal and proximate result of the acts of Defendants SNOOP DOGG and CAMPBELL, Plaintiff sustained serious and permanent injuries to her

person, all of her damage in an amount to be shown according to proof and within the

jurisdiction of the Court.

154.   Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE

BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY

JANE EVENTS, INC., knew or should have known, of the assaults and batteries, but

ratified the conduct, as described herein above, by failing to adequately, or at all take

remedial steps against Defendants SNOOP DOGG and CAMPBELL, refusing to

intervene to protect Plaintiff, among other acts of ratification.  As Plaintiff's

employers and by ratifying Defendants SNOOP DOGG and CAMPBELL's

misconduct, Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE

BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY

JANE EVENTS, INC., are liable to Plaintiff for battery and assault.

155.   Plaintiff claims estoppel with regard to certain Statutes of Limitations in

light of unconscionable acts that deterred her from filing claims as required to state

theory of estoppel.  Bianco v Warner, 221CV03677FLAMARX, 2021 WL 4840470

[CD Cal Oct. 7, 2021]

156.   As a proximate result of the wrongful acts of Defendants, and each of

them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and

incidental financial losses, including without limitation loss of salary and benefits, and

the intangible loss of employment-related opportunities for growth in her field and

damage to her reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

157.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress.  Plaintiff has further experienced other physical symptoms arising from the wrongful acts of Defendants, and each of them.  Plaintiff will continue to experience said pain and physical and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

158.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner pursuant to California Civil Code Section 3294, in order to injure and damage Plaintiff, thereby justifying an award to them of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

# THIRD CAUSE OF ACTION

## FOR SEXUAL ASSAULT

(Against Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.)

159.    Plaintiff incorporates by reference and re-alleges the preceding paragraphs, as though fully stated herein.

160.    Defendants SNOOP DOGG and CAMPBELL committed overt acts of sexual abuse, assault, and battery against Plaintiff.

161.    Defendants SNOOP DOGG and CAMPBELL intended to inflict a harmful or offensive conduct against Plaintiff and intended to cause Plaintiff to fear such contact.  Defendants SNOOP DOGG and CAMPBELL knew that the consequence of an offensive contact was certain to result, as Defendants SNOOP DOGG and CAMPBELL's sexual abuse was intentionally inflicted.

162.    Defendants SNOOP DOGG and CAMPBELL's actions placed Plaintiff in apprehension of an immediate harmful or offensive contact.

163.    Plaintiff did not consent to Defendants SNOOP DOGG and CAMPBELL's harmful or offensive contact with Plaintiff's person, or to Defendant SNOOP DOGG and CAMPBELL's conduct, putting Plaintiff in imminent apprehension of such contact.

164.   In doing the things herein alleged, Defendants SNOOP DOGG and

CAMPBELL violated Plaintiff's right under California Civil Code § 43 of protection

from bodily restraint or harm, and from personal insult. In doing the things herein

alleged, Defendants SNOOP DOGG and CAMPBELL violated their duty, pursuant to

California Civil Code §1708, to abstain from injuring the person of Plaintiff or

infringing upon her rights.

165.   Under the Code of Civil Procedure Section 340.16, "In any civil action

for recovery of damages suffered as a result of sexual assault, where the assault

occurred on or after the plaintiff's 18th birthday, the time for commencement of the

action shall be the later of the following: (1) Within 10 years from the date of the last

act, attempted act, or assault with the intent to commit an act, of sexual assault by the

defendant against the plaintiff."

166.   Plaintiff claims estoppel with regard to certain Statutes of Limitations in

light of unconscionable acts that deterred her from filing claims as required to state

theory of estoppel.  Bianco v Warner, 221CV03677FLAMARX, 2021 WL 4840470

[CD Cal Oct. 7, 2021]

167.   Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE

BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY

JANE EVENTS, INC. knew or should have known, of the assaults and batteries, but

ratified the conduct, as described herein above, by failing to adequately, or at all take

remedial steps against Defendants SNOOP DOGG and CAMPBELL, refusing to intervene to protect Plaintiff, among other acts of ratification.  As Plaintiff's employers and by ratifying Defendants SNOOP DOGG and CAMPBELL's misconduct, Defendants SNOOP DOGG, CAMPBELL, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC., are liable to Plaintiff for assault.

168.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

169.   Defendants SNOOP DOGG and CAMPBELL's sexual assault is a substantial factor in bringing about these harms to Plaintiff.

170.   The conduct of Defendants was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and were carried out with a conscious disregard of her right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to

California Civil Code section 3294, entitling Plaintiff to punitive damages against Defendants in an amount appropriate to punish and set an example of Defendants.

## FOURTH CAUSE OF ACTION

### FOR RETALIATION UNDER TITLE VII

(Against Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.)

171.   Plaintiff incorporates by reference and re-alleges the preceding paragraphs, as though fully stated herein.

172.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

173.   When Plaintiff complained of sexual harassment, assault, battery, and retaliation, Defendants Retaliated against Plaintiff by subjecting her to further harassment, threats of criminal charges, threats of a lawsuit worth tens of millions of dollars, intimidation, defamation, and retaliation.  Defendants took no corrective

action which resulted in Plaintiff being subjected to continued harassment, threats of criminal charges, intimidation, defamation, and retaliation.

174.   Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants, including but not limited to sexual harassment, sexual assault, sexual battery, hostile work environment, and retaliation.

175.   Defendants violated the above and Plaintiff suffered numerous damages as a result.

**FIFTH CAUSE OF ACTION**

**FOR RETALIATION IN VIOLATION OF THE FEHA [CAL. GOV'T CODE §§12940(H)]**

(Against Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.)

176.   Plaintiff incorporates by reference and re-alleges the preceding paragraphs as though fully stated herein.

177.   It is an unlawful employment practice to discharge, expel, or otherwise discriminate against any person because the person has engaged in protected activity

1

2    under *Government Code* §12940.  [Cal. Gov't Code §12940(h)].  Plaintiff engaged in

3    protected activity by making complaints of discrimination, sexual harassment, assault,

4    and battery as set forth above.

5        178.   When Plaintiff complained of sexual harassment, assault, battery, and

6    retaliation, Defendants Retaliated against Plaintiff by subjecting her to further

7
     harassment, threats of criminal charges, threats of a lawsuit worth tens of millions of
8
     dollars, intimidation, defamation, and retaliation.  Defendants took no corrective
9

10   action which resulted in Plaintiff being subjected to continued harassment, threats of

11   criminal charges, intimidation, defamation, and retaliation.

12
         179.   As a result of engaging in protected activity, Plaintiff suffered adverse
13

14   actions by Defendants as set forth above.

15       180.   There is a causal link between Plaintiff's protected activity and the

16   adverse actions taken against Plaintiff due to Defendants' knowledge of Plaintiff's
17
     protected activity of complaining and filing the pending lawsuit, the proximity of time
18

19   between said protected activities and the retaliatory actions, and the pattern of

20   Defendants' conduct.

21
         181.   Defendants' conduct as alleged above constituted unlawful retaliation in
22

23   violation of the FEHA.

24       182.   As a proximate result of the wrongful acts of Defendants, Plaintiff has

25
     been harmed in that Plaintiff has suffered actual, consequential and incidental
26

27

28

financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code* Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

183.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and has incurred and will likely incur, medical expenses as a result. Plaintiff will continue to experience said pain and mental and emotional suffering for a period in the future Plaintiff cannot presently ascertain, all in an amount subject to proof at the time of trial.

184.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such attorneys' fees and costs under California *Government Code* Section 12965(b) and/or any other provision of law providing for attorney's fees and costs.

185.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable,

oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to Plaintiff of punitive damages in a sum appropriate to punish and make an example of Defendants.

**SIXTH CAUSE OF ACTION**

**FOR HARASSMENT IN VIOLATION OF THE FEHA [CAL. GOV'T CODE §12940(J)]**

(Against Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.)

186.   Plaintiff incorporates by reference and re-alleges the preceding paragraphs, as though fully stated herein.

187.   At all times relevant for purposes of this Complaint, Gov't Code §12900 et seq. were in full force and effect and were binding on all Defendants.  Gov't Code §12940(j)(1) states that it is unlawful "For an employer, labor organization, employment agency, apprenticeship training program or any training program leading to employment, or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status, to harass an employee, an applicant,

an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, if the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment."

188.   Plaintiff was subjected to harassment from Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. after Plaintiff complained of sexual harassment, assault, and battery.  Said conduct was severe, pervasive, constant and continuous, and was offensive, humiliating and harassing to Plaintiff and would

have been offensive to a reasonable person under Plaintiff's circumstances.

189.   When Plaintiff complained of sexual harassment, assault, battery, and retaliation, Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. subjected Plaintiff to further harassment by releasing her name to the public, threatening Plaintiff with criminal charges, threatening Plaintiff with a lawsuit worth tens of millions of dollars, intimidation, defamation, and retaliation. Defendants took no corrective action and did not redact or retract their statement or threats of a lawsuit and criminal prosecution which resulted in Plaintiff being subjected to continued harassment, threats of criminal charges, intimidation, defamation, and retaliation.

190.   Defendants are responsible for the acts of Defendants' followers who harassed Plaintiff after the release of her name because Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

191.   As a proximate result of Defendants' conduct, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial.

192.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and has incurred and will likely incur, medical expenses as a result.  Plaintiff will continue to experience said pain and mental and emotional suffering for a period in the future Plaintiff cannot presently ascertain, all in an amount subject to proof at the time of trial.

193.   The conduct of Defendants, and each of them, and their agents and employees as described herein, was malicious, fraudulent, and oppressive, and done with a willful and conscious disregard for Plaintiff's rights.

194.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code Section 12965(b).

195.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to Plaintiff of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## SEVENTH CAUSE OF ACTION

## FOR AIDING AND ABETTING IN VIOLATION OF GOV"T CODE §§ 12940 ET SEQ.

(Against Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.)

196.   Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

197.   At all times relevant for purposes of this Complaint, the FEHA, Gov't Code § 12940 et seq., was in full force and effect and binding on Defendants.  FEHA states that it is an unlawful employment practice "(i) for any person to aid abet, incite, compel, or coerce the doing of any of the acts forbidden under this part, or to attempt to do so."

198.   As such term is used under FEHA, "any of the acts forbidden under this part this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA such as sex and gender.

199.   Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. instructed, aided, and/or abetted their spokesperson to release Plaintiff's name to the public and media, an act of severe harassment in itself, thereby

1  further subjecting Plaintiff to harassment.

2      200.   Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS

3  COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE

4  EVENTS, INC. instructed, aided, and/or abetted their attorney to threaten Plaintiff and

5  Plaintiff's counsel with a lawsuit worth tens of millions of dollars, thereby further

6

7  subjecting Plaintiff to harassment and retaliation.

8

9      201.   Defendants aided and abetted their Instagram followers to harass Plaintiff

10 when they released Plaintiff's name to the public and media.

11

12     202.   These laws set forth in the preceding paragraph require Defendants to

13 refrain from harassing, or creating, or maintaining a hostile work environment against

14 an employee based upon Plaintiff's sex and gender, and for aiding and abetting

15

16 harassment and retaliation.

17     203.   Defendants' harassing conduct was severe and pervasive, was

18 unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would

19

20 have considered the work environment to be hostile and abusive.

21     204.   Defendants violated the FEHA and the public police of the State of

22 California which is embodied in the FEHA by creating a hostile work environment,

23

24 and by discriminating and harassing Plaintiff because of Plaintiff's sex and gender.

25     205.   As a proximate result of the wrongful acts of Defendants, Plaintiff has

26 been harmed in that Plaintiff has suffered actual, consequential and incidental

27

28

financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in Plaintiff's field and damages to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code* Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

206.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and has incurred and will likely incur, medical expenses as a result.  Plaintiff will continue to experience said pain and mental and emotional suffering for a period in the future Plaintiff cannot presently ascertain, all in an amount subject to proof at the time of trial.

207.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to Plaintiff of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

**EIGHTH CAUSE OF ACTION**

**FOR FAILURE TO PREVENT HARASSMENT AND RETALIATION IN**

**VIOLATION OF FEHA [CAL. GOV'T CODE §12940(K)]**

(Against Defendants SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC,

CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.)

208.   Plaintiff incorporates by reference and re-alleges the preceding

paragraphs, as though fully stated herein.

209.   At all times relevant for purposes of this Complaint, the FEHA, Gov't

Code § 12900 et seq., was in full force and effect and binding on Defendants.  FEHA

requires Defendants, among other things, "to take all reasonable steps necessary to

prevent discrimination and harassment from occurring."

210.   In perpetrating the above-described acts and failures to act, Defendants

violated California *Government Code* § 12940 by failing to ensure a workplace free of

harassment.  Defendants are responsible for assuring that DFEH provisions are

followed, including provisions prohibiting harassment against employees.

211.   In perpetrating the above-described acts and failures to act, Defendants

violated California *Government Code* § 12940 by failing to take all reasonable steps

necessary to prevent such harassment based on sex from occurring.

212.   Instead, Defendants created and fostered a hostile, offensive,

inappropriate and intolerable work environment, where harassment was condoned,

1   encouraged, tolerated, sanctioned, and ratified as Defendants allowed Defendant

2   SNOOP DOGG to post the Instagram picture described above, release the statement

3

4   which contained Plaintiff's full name, and threaten Plaintiff and Plaintiff's counsel

5   with lawsuit worth millions of dollars.

6
      213.   Defendants repeatedly violated Gov't Code § 12940(k).  Defendants
7

8   failed to provide Plaintiff with any sexual harassment training.  Additionally,

9   Defendants' acts and failures to act include, but are not limited to, the following:

10
           (a)    Having no policies, practices and procedures and/or failing to
11

12                 implement policies, practices and procedures and/or having

13                 ineffective policies, practices, and procedures regarding

14
                   Defendants' obligations to refrain from discrimination and
15

16                 harassment;

17         (b)    Having no policies, practices and procedures and/or failing to

18
                   implement policies, practices and procedures and/or having
19

20                 ineffective policies, practices, and procedures regarding the

21                 handling of complaints of discrimination and harassment;

22
           (c)    Failing to investigate when discrimination and harassment were
23

24                 reported, despite there being such reports;

25         (d)    Failing to provide any and/or adequate training, education, or

26

27                 information to their personnel, and most particularly to

28

FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

management and supervisory personnel with regard to policies and procedures regarding preventing discrimination and harassment;

(e)     Failing to appoint a qualified, neutral third party to investigate an employee's allegations;

(f)     Failing to transfer employee to a new supervisor under the same terms and conditions of employment;

(g)     Failing to review the employer's anti-harassment policy with the harasser and imposing counseling or discipline as appropriate; and

(h)     Failing to take permanent remedial steps reasonably calculated to end the current harassment and deter future harassment from the same offender or others.

214.   As a proximate result of Defendants' conduct, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial.

215.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and has incurred and will likely incur, medical expenses as a result.  Plaintiff will continue to experience said pain and

mental and emotional suffering for a period in the future Plaintiff cannot presently ascertain, all in an amount subject to proof at the time of trial.

216.   The conduct of Defendants, and each of them, and their agents and employees as described herein, was malicious, fraudulent, and oppressive, and done with a willful and conscious disregard for Plaintiff's rights.

217.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under California *Government Code* Section 12965(b).

218.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to Plaintiff of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

# NINTH CAUSE OF ACTION

## FOR DEFAMATION/DEFAMATION PER SE

(Against Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS

COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE

EVENTS, INC.)

219.   Plaintiff incorporates by reference and re-alleges the preceding

paragraphs, as though fully stated herein.

220.   The Defamatory Statement to the Press released by Defendants SNOOP

DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA

VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC. spokesperson were

false and unprivileged, were written and published with the goal of threatening,

intimidating, retaliating against, and making Plaintiff an object of harassment,

ridicule, contempt, hatred, or disgrace, and to bring her public and personal

humiliation.

221.   Defendants either knew that the spokesperson's statement were false or

were published with reckless disregard as to their truth or falsity.

222.   The Defamatory Statements, on their face tend to directly injure Plaintiff

in respect to her profession, trade, and business by imputing dishonesty to her,

effectively calling her a liar about a matter as deeply personal as having been sexually

assaulted and battered.

223.   As a direct and proximate result of the Defamatory Statement, Plaintiff has suffered and will suffer loss of reputation, shame, mortification, hurt feelings, and severe emotional distress, all to her general damages.

224.   As a further direct and proximate result of the Defamatory Statements, Plaintiff has suffered loss of business contracts, business engagements, and deals and will continue to suffer loss of business in an amount to be prove at trial.

225.   As a result of this damage to her reputation, Plaintiff's business and personal relationships have been, and will continue to be adversely affected.

226.   By engaging in the above willful conduct with reckless disregard of truth or falsity, Defendants acted with actual malice and in reckless and conscious disregard to Plaintiff's rights, entitling her to punitive damages.


**TENTH CAUSE OF ACTION**

**FOR FALSE LIGHT**

(Against Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.)

227.   Plaintiff incorporates by reference and re-alleges the preceding paragraphs, as though fully stated herein.

228.   Defendants' Defamatory Statement contains numerous false implications

about Plaintiff, including without limitation:

>
> (a) That Plaintiff was part of a "self-enrichment shakedown scheme," "extort[ed] Snoop Dogg," "manufactures an occurrence of more than 8 years ago," made "false allegations," "concoct[ed] a legal complaint," and that "Mr. Broadus has never had any sexual encounter whatsoever with" Plaintiff.  In fact, Plaintiff was sexually assaulted and battered by Plaintiff.  Plaintiff is not extorting Defendants and did not "cococt" a "self-enrichment shakedown scheme."  Mr. Broadus, without Plaintiff's consent and against her will, subjected Plaintiff to sexual assault and battery.

229.   The unfair and inaccurate depictions of Plaintiff, and the false impressions and implications created by the Defamatory Statements are highly offensive to a reasonable person of ordinary sensibilities in Plaintiff's position.

230.   Upon information and belief, members of the community understood that the statements were about Ms. Dickinson as the statements were about, concerning, and mentioned Plaintiff expressly.

231.   The Defamatory Statements had a natural tendency to injure Plaintiff's reputation.

232.   The Defamatory Statements were published by Defendants knowing that they contained unfair and inaccurate depictions of Plaintiff, and false implications that

would damages Plaintiff's reputation in the community.

233.   Defendant SNOOP DOGG knows that he sexually assaulted and battered Plaintiff.  Defendant SNOOP DOGG knew that by their spokesperson implying that Plaintiff's claims were "concocted" and/or lies put Plaintiff in a false light.

234.   In the alternative, the false implications, and each of them, contained in the Defamatory Statements were published with reckless disregard as tot ehir truth or falsity.

235.   Upon information and belief, the wrongful conduct of Defendants was a substantial factor in causing Plaintiff harm in respect to her profession, trade, and business by imputing dishonesty to her, effectively calling her a liar about a matter as deeply personal as having been sexually assaulted and battered.

236.   As a direct and proximate result of the Defamatory Statement and depiction, Plaintiff has suffered and will suffer loss of reputation, shame, mortification, hurt feelings, and severe emotional distress, and has been, and continues to be, embarrassed and humiliated by the false statements and implications and reasonable fear that she will be shunned, avoided and subjected to ridicule.

237.   Additionally, as a direct and proximate result of the above-described statements and depictions, Plaintiff has suffered and will continue to suffer, significant damage to her reputation and to her livelihood.

238.   Defendants have acted with knowledge that their depictions of Plaintiff

were false or with a reckless disregard of truth or falsity.  Defendants' conduct was intended by them to cause injury to Plaintiff, and was despicable conduct carried on with a willful and conscious disregard of the rights and reputation of Plaintiff.  As such, Plaintiff is entitled to recover punitive damages in an amount sufficient to punish Defendants and deter them from conduct in the future.

## ELEVENTH CAUSE OF ACTION

### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.)

239.   The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

240.   By engaging in the above-described conduct, which included, but is not limited to, defaming Plaintiff, retaliating against Plaintiff, harassing Plaintiff, threatening Plaintiff with criminal charges and a tens of millions of dollars lawsuit, and releasing Plaintiff's name to Defendants' millions of followers so that they have the ability to threaten, intimidate, harass, and retaliate against Plaintiff, Defendants engaged in extreme and outrages conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress.

241.   Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and severe emotional distress.

242.   Plaintiff's damages were the actual and proximate causation of the emotional distress caused by Defendants' outrageous conduct.  Defendants' conduct was reckless and with a conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to an award of punitive damages against Defendants in an amount to be determined by proof at trial.

## TWELFTH CAUSE OF ACTION

## FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE EVENTS, INC.)

243.   The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

244.   Plaintiff is informed and believes that knew or should have known that Defendant SNOOP DOGG was retaliating against Plaintiff by posting the Picture on Instagram which threatened Plaintiff with criminal charges, releasing Plaintiff's name through Defendant SNOOP DOGG's spokesperson, and by harassing and defaming Plaintiff.

245.   Plaintiff is informed and believes that Defendants failed to take appropriate and corrective action against Defendant SNOOP DOGG.

246.   Plaintiff is informed and believes that had Defendants taken prompt and corrective action against Defendant SNOOP DOGG, that Defendant SNOOP DOGG would not have retaliated against Plaintiff.  Furthermore, Plaintiff is informed and believes that had Defendants taken prompt and corrective action against Defendant SNOOP DOGG, then Defendant SNOOP DOGG would not have threatened Plaintiff through the Instagram Post and Defamatory Statement made by Defendant SNOOP DOGG's spokesperson.

247.   Defendants, and each of them, owed Plaintiff a duty of care to act in a reasonable and ordinary manner so as not to cause Plaintiff any foreseeable harm.

248.   Defendants, and each of them, failed to use ordinary and reasonable care in order to avoid injury to Plaintiff.  This includes, but is not limited to, Defendants subjecting her to further harassment, outing Plaintiff's name, threatening Plaintiff with criminal charges and a million dollar lawsuit, intimidation, defamation, and retaliation.

249.   Defendants SNOOP DOGG, SNOOP, COLLECTION, CAPITAL, and EVENTS released the defamatory statement with the intent and effect of revictimizing Plaintiff, destroying her professional reputation, outing Plaintiff's identity so Defendants' millions of followers can also retaliate, harass, and threaten Plaintiff, and

subjecting Plaintiff to violence and threats of violence from Defendants' millions of followers and supporters, causing Plaintiff severe emotional distress.

250.   Alternatively, Defendants negligently released the statement with a reckless disregard for Plaintiff's safety by outing Plaintiff's identity so Defendants' millions of followers can also retaliate, harass, and threaten Plaintiff, and subject Plaintiff to violence and threats of violence from Defendants' millions of followers and supporters, causing Plaintiff severe emotional distress.

251.   As a result of Defendants' discriminatory and intolerable treatment and conduct, Plaintiff suffered and continues to suffer from anxiety, worry, mental anguish, loss of sleep, stress, depression, and severe emotional distress.

252.   The conduct of Defendants constitute negligence and is actionable under the laws of the State of California.  As a direct and proximate result of the acts of Defendants, Plaintiff has suffered, without limitation, emotional distress, fear, embarrassment, anxiety, shame, humiliation, distress, shock, and severe emotional distress.

## THIRTEENTH CAUSE OF ACTION

## FOR UNLAWFUL WHISTLEBLOWER RETALIATION IN VIOLATION OF

## CALIFORNIA LABOR Code § 1102.5

(Against Defendants SNOOP DOGG, SNOOP DOGG'S LLC, THE BROADUS

COLLECTION, LLC, CASA VERDE CAPITAL, LLC, and MERRY JANE

EVENTS, INC.)

253.   The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

254.   Plaintiff complained to of sexual assault, battery, harassment, and retaliation.

255.   Defendants retaliated against Plaintiff for reporting and complaining subjecting her to further harassment, outing Plaintiff's name, threats of criminal charges, threats of law suit for millions of dollars, intimidation, defamation, and retaliation.

256.   Defendants' conduct was in violation of California Labor Code §1102.5.

257.   As a direct and proximate result of Defendants' retaliatory harassment of Plaintiff, Plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and emotional distress, the exact amount of which will be proven at trial.

258.   The foregoing conduct engaged in, authorized and ratified by Defendants

and each of their directors, officers and/or managing agents, constitutes malice, fraud, and oppression, and was authorized, ratified, and carried on with a conscious and willful disregard of Plaintiff's right to be free from retaliation based on making reports and complaints of sexual assault and battery, so as to justify punitive and exemplary damages in an amount appropriate to punish and make an example of Defendants. As a direct and proximate result of the foregoing conduct, Plaintiff is entitled to recover, in addition to the damages alleged above, attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, and prejudgment interest pursuant to California Civil Code §§ 3287, 3288, and 3291.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

As to All Causes of Action

1. For general, compensatory, and/or special damages in an amount according to proof for Plaintiff's injuries, mental and/or emotional distress, medical expenses, actual financial losses, consequential financial losses, incidental financial losses, loss of past and future earnings, loss of salary and benefits, and all damages flowing therefrom for an amount to be determined at trial;

2. For all general and special damages to compensate Plaintiff for an amount to be determined at trial;

3. For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants for an amount to be determined at trial;

4. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof for an amount to be determined at trial;

5. For attorney's fees and costs for an amount to be determined at trial;

6. Costs of suit; and

7. For such other and further relief as the Court may deem just and proper.


Dated: March 10, 2022

**DEREK SMITH LAW GROUP, LLP**
*Attorneys for Plaintiff JANE DOE*

By: _ /s/ Matt E.O. Finkelberg_
MATT E.O. FINKELBERG, ESQ.
633 West 5th St., Suite 3250
Los Angeles, CA 90071
(310) 602-6050

FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues to be tried and all causes of action and claims with respect to which Plaintiff has a right to jury trial.

Dated: March 10, 2022

**DEREK SMITH LAW GROUP, LLP**
*Attorneys for Plaintiff JANE DOE*

By: _/s/ Matt E.O. Finkelberg_
MATT E.O. FINKELBERG, ESQ.
633 West 5th St., Suite 3250
Los Angees, CA 90071
(310) 602-6050

FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 10, 2022, I electronically filed the

foregoing FIRST AMENDED COMPLAINT FOR MONETARY AND PUNITIVE

DAMAGES with the Clerk of the Central District of California using the CM/ECF

system, which will send notice of electronic filing to the following:

**Jennifer L Keller**
Keller Anderle LLP
18300 Von Karman Avenue Suite 930
Irvine, CA 92612
949-476-8700
Fax: 949-476-0900
Email: jkeller@kelleranderle.com

**Jesse Asher Gessin**
Gessin Ltd
806 East Avenida Pico Suite I 291
San Clemente, CA 92673
949-328-6629
Fax: 323-403-4170
Email: Jesse@Gessin.Ltd

**Jeremy W Stamelman**
Keller Anderle LLP
18300 Von Karman Avenue Suite 930
Irvine, CA 92612
949-476-8700
Fax: 949-476--0900
Email: jstamelman@kelleranderle.com

**Steffeny Holtz**
Law Offices of Steffeny Holtz
222 North Pacific Coast Highway Suite 2000
El Segundo, CA 90245
323-864-3227
Fax: 323-940-4021
Email: steffeny@sholtzlaw.com

Dated: March 10, 2022

**DEREK SMITH LAW GROUP, LLP**
*Attorneys for Plaintiff JANE DOE*

By: _/s/ Matt E.O. Finkelberg_
Matt E.O. finkelberg, Esq.