**LAW OFFICES OF STEFFENY HOLTZ**
Steffeny Holtz (SBN 177412)
222 N. Pacific Coast Highway, Suite 2000
El Segundo, California 90245
Tel.: (323) 864-3227
Fax: (323) 940-4021
steffeny@sholtzlaw.com

*Counsel for Defendants The Broadus Collection, LLC;*
*Casa Verde Capital, LLC; Merry Jane Events, Inc.;*
*and Snoop Dogg's LLC (the "Entity Defendants")*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an Individual Woman,<br><br>              Plaintiff,<br><br>      v.<br><br>CALVIN BROADUS AKA "SNOOP DOGG", individually; DONALD CAMPBELL AKA "BISHOP DON MAGIC JUAN", individually; SNOOP DOGG'S, LLC; THE BROADUS COLLECTION, LLC; CASA VERDE CAPITAL, LLC; and MERRY JANE EVENTS, INC.,<br><br>              Defendants. | Case No. 2:22-cv-00900-GW-AS<br><br>**ENTITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>The Hon. George H. Wu<br><br>Hearing Date:  April 21, 2022<br>Time:  8:30 a.m. |

**PLEASE TAKE NOTICE** that on April 21, 2022, at 8:30 a.m., or as soon thereafter as counsel may be heard, Defendants The Broadus Collection, LLC; Casa Verde Capital, LLC; Merry Jane Events, Inc.; and Snoop Dogg's LLC (collectively, the "Entity Defendants"), through their counsel, Steffeny Holtz, will move this Court to dismiss the First Amended Complaint ("FAC") of Jane Doe ("Plaintiff") in its entirety for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6).

The Entity Defendants bring this Motion because: (1) Plaintiff's federal cause of action under 18 U.S.C. § 1595 fails to state a claim for relief against them; (2) the state law claims seeking liability for alleged events in 2013 are time-barred; and (3) the FAC's newly added claims (under California's FEHA, Labor Code, and common law for emotional distress and defamation) fail to state a claim. The Entity Defendants also join each of the arguments made by co-defendant Calvin Broadus (also known as "Snoop Dogg") as set forth in his Motion to Dismiss filed today.

This Motion is made following the March 16, 2022, conference of counsel per Local Rule 7-3, after which Plaintiff withdrew her fourth claim for alleged violation of Title VII. This Motion is based on this Notice and the accompanying Memorandum of Points and Authorities, the Declaration of Steffeny Holtz, the accompanying Request for Judicial Notice, all pleadings, files, and records in this action, and arguments of counsel.

Dated: March 24, 2022       LAW OFFICES OF STEFFENY HOLTZ

By: */s/ Steffeny Holtz*
     Steffeny Holtz

*Counsel for Entity Defendants The Broadus Collection, LLC; Casa Verde Capital, LLC; Merry Jane Events, Inc.; and Snoop Dogg's LLC*

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................ 1

II.    BACKGROUND ................................................................................. 4

       A.    Plaintiff's Allegations About May 2013 ................................. 4

       B.    Procedural History And The FAC's Assertions About Defendants'
             2022 Denial Of Plaintiff's Allegations In This Action .......... 7

III.   LEGAL STANDARD ....................................................................... 8

IV.    ARGUMENT ................................................................................... 10

       A.    Plaintiff's TVPA Claim Fails .............................................. 10

       B.    Plaintiff's State Law Claims Also Fail ................................ 12

             1.    *Plaintiff's state law claims from her original complaint—for
                   sexual assault and battery—are time-barred* ...................... 12

             2.    *California's statutes of limitations bar each of the FAC's other
                   claims based on 2013 conduct.* ..................................... 14

             3.    *The FAC's newly added state claims fail to allege a claim.* ...... 15

V.     CONCLUSION ................................................................................ 19

# TABLE OF AUTHORITIES

**Cases**

*Akers v. Cnty. of San Diego*,
  95 Cal. App. 4th 1441 (2002) ............................................................. 16

*Alma W. v. Oakland Unified School Dist.*,
  123 Cal. App. 3d 133 (1981) ............................................................. 14

*Aryeh v. Canon Business Solutions, Inc.*,
  55 Cal. 4th 1185 (2013) ..................................................................... 17

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................... passim

*Ayala v. Frito Lay, Inc.*,
  263 F. Supp. 3d 891 (2017) ............................................................... 14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................... 8, 12

*Carnegie–Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988) .......................................................................... 12

*Clark v. Transamerica Life Ins. Co.*,
  2020 WL 5110295 (E.D. Cal. Aug. 31, 2020) ................................... 9

*Considering Homeschooling v. Morningstar Educ. Network*,
  2008 WL 11413459 (C.D. Cal Aug. 06, 2008) ................................. 18

*Corradino v. Liquidnet Holdings Inc.*,
  2021 WL 2853362 (S.D.N.Y. July 8, 2021) ...................................... 11

*Coto Settlement v. Eisenberg*,
  593 F.3d 1031 (9th Cir. 2010) ............................................................ 8

*Doe v. Uber Techs., Inc.*,
  2019 WL 6251189 (N.D. Cal. Nov. 22, 2019) ................................. 13

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) .............................................................. 8

*Eckhart v. Fox News Network, LLC*,
  2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021) .............................. 10, 11

*Fenters v. Chevron*,
  2009 WL 4928362 (E.D. Cal. 2009) ............................................ 14, 16

*Gerritsen v. Warner Bros. Entm't Inc.*,
  112 F.Supp.3d 1011 (C.D. Cal. 2015) ................................................ 9

*Hansen v. California Dept. Of Corrections and Rehabilitation*,
  171 Cal. App. 4th 1537 (2008) ......................................................... 16

*I & U, Inc. v. Wolters Kluwer Health, Inc.*,
  2019 WL 2750890 (C.D. Cal. May 6, 2019) .................................... 14

*In re iPhone Application Litig.*,
  2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ........................................ 15

*John R. v. Oakland Unified School Dist.*,
  48 Cal. 3d 438 (1989) ................................................................ 14

*Jones v. Tracy School Dist.*,
  27 Cal. 3d 99 (1980) ................................................................. 17

*Juneau v. Kenner*,
  2009 WL 10673055 (C.D. Cal. May 14, 2009) ............................................ 9

*Kaldis v. Wells Fargo Bank, N.A.*,
  263 F. Supp. 3d 856 (C.D. Cal. 2017) ................................................. 14

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ......................................................... 8

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ...................................................... 8, 9

*Maggiulli v. Wells Fargo & Co.*,
  2018 WL 2021435 (C.D. Cal. Apr. 26, 2018) ............................................ 9

*Martinez-Sanchez v. Anthony Vineyards, Inc.*,
  2020 WL 469341 (E.D. Cal. Jan. 29, 2020) ............................................. 9

*Mary M. v. City of Los Angeles*,
  54 Cal. 3d 202 (1991) ............................................................... 14

*McGough v. Univ. of San Francisco*,
  214 Cal. App. 3d 1577 (1989) ........................................................ 18

*McRae v. Department of Corrections & Rehabilitation*,
  142 Cal. App. 4th 377 (2006) ........................................................ 16

*Morris v. Sun Pharma Global*,
  2021 WL 3913191 (C.D. Cal. May 13, 2021) ........................................... 15

*Muir v. City of Placentia*,
  2019 WL 8195237 (C.D. Cal. Nov. 21, 2019) .......................................... 15

*New Box Solutions, LLC v. Davis*,
  2018 WL 4562764 (C.D. Cal. Sept. 18, 2018) ........................................... 9

*Noble v. Weinstein*,
  335 F. Supp. 3d 504 (S.D.N.Y. 2018) ................................................. 11

*Penn-Star Ins. Co. v. Parties Fantastic, LLC*,
  2020 WL 8024860 (C.D. Cal. Aug. 7, 2020) ............................................ 9

*Pinero v. Specialty Restaurants Corp.*,
  130 Cal. App. 4th 635 (2005) ........................................................ 16

*Pollock v. Tri-Modal Distribution Services, Inc.*,
  11 Cal. 5th 918 (2021) .............................................................. 14

*Ragland v. U.S. Bank National Assn.*,
    209 Cal. App. 4th 182 (2012) ................................................................. 18

*Rendon v. County of Orange*,
    2019 WL 4284521 (C.D. Cal. May 23, 2019) ......................................... 15

*Rita M. v. Roman Catholic Archbishop*,
    187 Cal. App. 3d 1453 (1986) ................................................................ 14

*Smelt v. City of Orange*,
    447 F.3d 673 (9th Cir. 2006) ..................................................................... 9

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013) ..................................................................... 8

*Vernon v. State of California*,
    116 Cal. App. 4th 114 (2004) ................................................................. 16

*Yagman v. Wunderlich*,
    2021 WL 6804219 (C.D Cal. Oct. 4, 2021) ............................................ 15

*Yurick v. Superior Court*,
    209 Cal. App. 3d 1116 (1989) ................................................................ 18

**Statutes**

18 U.S.C. § 1595 .............................................................................................. 7

18 U.S.C. § 1595(a) .................................................................................. 10, 11

28 U.S.C. § 1367(c)(3) .................................................................................. 12

Cal. Code Civ. Proc. § 335.1 ......................................................................... 14

Cal. Code Civ. Proc. § 340(a) ....................................................................... 14

Cal. Code Civ. Proc. § 340(c) ....................................................................... 14

Cal. Gov. Code § 12940 ................................................................................. 14

Cal. Gov. Code § 12960 ................................................................................. 14

Cal. Labor Code § 1102.5 .............................................................................. 14

Fed. R. Evid. 201(b) ......................................................................................... 9

Defendants Broadus Collection, LLC, Casa Verde Capital, LLC, Merry Jane Events, Inc., and Snoop Dogg's LLC (collectively, the "Entity Defendants") submit this memorandum in support of their Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiff Jane Doe ("Plaintiff") on March 10, 2022.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.   INTRODUCTION

Plaintiff bases her fabricated claims against the Entity Defendants on bald, conclusory allegations that (1) she was "employed" by each of these entities in May 2013, (2) these entities "sexually assaulted and battered" her at that time, and (3) they attempted to "prostitute" her in violation of the federal Trafficking Victims Protection Act ("TVPA").   Plaintiff filed her TVPA and tort claims against the Entity Defendants—each associated with co-defendant Calvin Broadus (known as "Snoop Dogg")—nearly nine years after the alleged May 2013 events purportedly occurred and just four days before Mr. Broadus was scheduled to perform a much publicized hip-hop showcase at the Super Bowl Halftime Show in Los Angeles.

Plaintiff's FAC—like her original complaint, which she withdrew rather than face the initial round of Rule 12(b)(6) motions she forced each defendant to file— fails to allege how the Entity Defendants could have possibly violated the TVPA and committed the alleged assault and battery.[1]   Not only does the FAC fail to plead any viable claim against Entity Defendants, but the judicially noticeable facts undisputedly establish that these entities never "assaulted," "battered" or "trafficked" Plaintiff.   ***That's because none of the Entity Defendants existed in 2013***.   Based on uncontroverted public records filed with the California Secretary of

---

[1]   Although not the grounds for this Rule 12(b)(6) motion, there will be no genuine dispute that Plaintiff's false claims against the Entity Defendants were filed against the Entity Defendants with an improper purpose—to harass Mr. Broadus and shake-down his business interests with fabricated claims immediately before his Super Bowl performance.

State, the Entity Defendants were not formed until well after May 2013.  *See* Decl. of Steffeny Holtz; Entity Defs.' Request for Judicial Notice.

The undisputed fact that the Entity Defendants did not exist when Plaintiff speciously claims she was somehow assaulted, battered and trafficked by them explains why Plaintiff has repeatedly failed to allege the basic factual allegations required to state any of her claims against the defendants.  For example, nowhere in her FAC does Plaintiff offer the factual details about: (1) any purported employment relationship with any of the defendants; (2) when Plaintiff worked for any of them; (3) how long she worked for them; (4) the existence, location, and description of her purported workplace with them; (5) when and how she stopped working for them; (6) which defendant, if any, paid her; and (7) any other terms of her purported employment relationship.

Plaintiff's claims against defendants are devoid of *any* factual allegations demonstrating she is entitled to relief under the TVPA, much less allegations sufficient to satisfy *Twombly* and *Iqbal*.  Plaintiff is inviting this Court to expand the scope of the TVPA to federalize every allegation of a local (and untrue) sexual assault case.  Like her deficient original complaint, Plaintiff's FAC reiterates the formulaic elements of a TVPA claim, but alleges no supporting facts against the entities.  Plaintiff still fails to allege *facts* demonstrating the Entity Defendants (or Mr. Broadus) proposed any "enticement" to Plaintiff.  Similarly, Plaintiff makes no factual allegations of an actual benefit the Entity Defendants (or Mr. Broadus) promised to Plaintiff, or otherwise discussed with her or offered, as part of any purported quid pro quo.  Plaintiff likewise fails to allege what the Entity Defendants (or Mr. Broadus) said or did to her that would constitute a "commercial sex act" under the statute.  And, of course, the Entity Defendants did not even exist in May 2013, making it *impossible* for them to have been involved in any alleged "trafficking" of Plaintiff.  The Court should therefore dismiss with prejudice Plaintiff's TVPA allegations for failure to state a claim for relief under federal law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Even if the Entity Defendants did exist in May 2013 (which they undisputedly did not), Plaintiff's state law claims against them about alleged conduct then—nine years ago—should be dismissed with prejudice.  Plaintiff was required to bring her state law claims no later than one or two years (depending on the claim) after the alleged conduct.  Because she waited nearly nine years to bring her claims, they are time-barred.  The Court should therefore dismiss with prejudice these state law claims as untimely.

The FAC's nine newly added state law claims each fail to plead facts entitling Plaintiff to relief.  Plaintiff does not articulate sufficient facts in the FAC for each claim, resorts to conclusory recitations of the claims' elements, and fails to put defendants (or the Court) on notice of the alleged conduct supporting her allegations. Under *Twombly* and *Iqbal*, the Court should not countenance these conclusory, threadbare allegations.

The nine claims are substantively deficient as well.  Each of the FAC's Labor Code and FEHA claims fails to allege sufficiently: (i) an employment relationship at any time with any defendant; (ii) that Plaintiff was an employee at the time of the alleged 2022 events; (iii) any "adverse employment action" against her in 2022 when she concedes she was not employed by any defendant at that time; and (iv) how defendants' protected speech in 2022 refuting Plaintiff's implausible and false allegations resulted in any adverse change to the terms and conditions of Plaintiff's non-existent employment.  Plaintiff's emotional distress and defamation causes of action fare no better, each failing to allege required elements of the claims.  There is nothing "outrageous" or "false" about defendants challenging the veracity of this lawsuit's false allegations that Plaintiff was somehow "assaulted," "battered," and "trafficked" by entities that did not exist at the time of her fabricated May 2013 allegations.

1       Accordingly, Plaintiff's FAC fails to state any claim against the Entity

2   Defendants under Rule 12(b)(6).  These entities respectfully request the Court grant

3   their Motion and dismiss each of Plaintiff's claims with prejudice.

4   **II.   BACKGROUND**

5       **A.   Plaintiff's Allegations About May 2013**

6       Plaintiff alleges in conclusory fashion that the Entity Defendants "sexually

7   harassed, assaulted, and battered Plaintiff," "knowingly recruited, enticed, harbored,

8   and/or obtained Plaintiff," and "forcibly caused [her] to engage in an unwanted

9   sexual act for a commercial benefit."  FAC ¶¶ 92, 132, 143.   But the FAC provides

10  no factual allegations of how the Entity Defendants purportedly did that.  Other than

11  labels, the FAC does not allege what any Entity Defendant did, knew, or failed to do

12  to support Plaintiff's causes of action against them.  Instead, the FAC lumps the

13  Entity Defendants together and does not even make conclusory allegations about

14  what any specific entity knew or did.   *See id.* ¶¶ 92-93, 95, 132, 139, 142-143, 154.

15  In violation of Rule 11, the FAC also ignores that the Entity Defendants could not

16  do *anything* to Plaintiff in May 2013 because *they did not exist* then.  *See* Decl. of

17  Steffeny Holtz ("Holtz Decl."); Request for Judicial Notice.

18      Plaintiff alleges on May 29, 2013, she and an unidentified friend attended one

19  of Mr. Broadus's shows at a night club in Anaheim, California.  FAC, ¶ 48.  Plaintiff

20  and her friend entered a "VIP room," where they encountered co-defendant Donald

21  Campbell.  *Id.*  Plaintiff claims later that night Mr. Campbell invited her and her

22  friend to Mr. Broadus's studio.  *Id.* ¶ 50.  After they visited the studio, Campbell

23  took Plaintiff to his house.  *Id.* ¶ 52.

24      Plaintiff alleges that when she arrived at Campbell's home, she "was

25  exhausted and fell asleep."  *Id.*  Plaintiff woke up the next morning next to

26  Campbell, who, according to the FAC, then purportedly "shoved" his "flaccid" penis

27  into Plaintiff's mouth.  *Id.* ¶ 53.  The FAC does not allege any statements Mr.

28  Campbell made to Plaintiff about any future employment with him, Mr. Broadus,

1   the Entity Defendants, or anyone else before Mr. Campbell purportedly "forced" his

2   flaccid penis into Plaintiff's mouth.

3          That same morning, Mr. Campbell told Plaintiff to get dressed and to come

4   with him to see Mr. Broadus.   She claims Campbell told her "I want to see if

5   [Broadus] will make you the weather girl," he "wants you there," and accompanying

6   Campbell that morning "is a career move."  *Id.* ¶ 58.   The FAC alleges—after what

7   it now claims was Mr. Campbell's "sexual assault"—that Plaintiff went with

8   Campbell "in hopes of advancing her career."  *Id.*   The FAC alleges Plaintiff hoped

9   to become a "weather girl" or obtain "another" undefined "job with Defendants" (*id.*

10  ¶ 59), and the FAC makes general assertions about the "weather girl" role, but

11  nowhere does Plaintiff state any discussions she had with Mr. Broadus or the Entity

12  Defendants about that role or any other role, position, or employment.   Nor does the

13  FAC allege any statements Mr. Campbell made to Plaintiff about a "weather girl"

14  role or any other employment *before* the alleged oral sex she gave him.

15         According to the FAC, Campbell and Plaintiff went to a recording studio

16  where Broadus was filming a television series.  *Id.* ¶ 72.   Plaintiff does not clarify if

17  that studio was the same one that she claims she visited the night before.   Plaintiff

18  claims while she was at this studio, she needed to use the bathroom; while she was

19  using the bathroom Mr. Broadus entered and allegedly "sexually assaulted" her

20  when he "removed his penis from his pants" and said, "Put it in your mouth."  *Id.* ¶¶

21  73-74.  Plaintiff does not allege that Mr. Broadus or the Entity Defendants made any

22  promises, enticement, or threats.   She does not claim Mr. Broadus said anything

23  else—at any time before saying "Put it in your mouth."   The FAC alleges Plaintiff

24  complied by putting Mr. Broadus's penis in her mouth and also asserts that "Plaintiff

25  denied [Mr. Broadus's] sexual advances and refused to be 'pimped out,' exploited,

26  or prostituted."  *Id.* ¶¶ 73-74, 76.

27         The FAC alleges that "after a few minutes" Mr. Broadus "withdrew his

28  penis," "proceeded to masturbate," and then, when finished, stated "I'll be back, I'll

- 5 -

get you something to clean up with." *Id.* ¶ 74.   Plaintiff alleges that he did not return.   *Id*.   She claims after the alleged bathroom incident, she "wandered the studio," posed for a picture with Mr. Broadus, and then left.  *Id.* ¶ 85.  The FAC claims that right before Plaintiff left, Mr. Broadus told Mr. Campbell "Make sure you bring this one back."  *Id*.  This alleged statement is the only factual allegation the FAC added to the original complaint about what Mr. Broadus purportedly said or did to Plaintiff in 2013.

Absent from Plaintiff's claims is any factual allegation concerning what any Entity Defendant did to Plaintiff or any Entity Defendant's connection to the allegations in this case.  Without identifying any Entity Defendant by name, the FAC contends in conclusory fashion that "Defendants violated Plaintiff's rights pursuant to [the] Trafficking Victims Protection Act . . . and laws of the State of California."  FAC ¶ 1.  Although Plaintiff itemizes each Entity Defendant in "The Parties" section of her pleading (*id*. ¶¶ 11-14), the FAC provides no factual allegation specific to any Entity Defendant. *See, e.g.,* ¶¶ 15-19, 48-95.  The FAC also fails to explain how any Entity Defendant participated in any alleged "sex trafficking," promised any actual benefit to Plaintiff, or offered any quid pro quo. *Id.* ¶¶ 133-146.

Similarly, the FAC does not allege how any Entity Defendant committed a sexual battery (the second cause of action) or sexual assault (the third cause of action), or is liable for such alleged acts, under California law. *Id.* ¶¶ 92, 132, 147-170.  The FAC alleges in conclusory fashion that "Defendants were Plaintiff's joint employers and/or prospective employers" *(id.* ¶ 21) without identifying which Entity Defendant, if any, actually employed Plaintiff, *or how that was possible before the entities ever existed*.  *See* Request for Judicial Notice, FAC ¶¶ 131, 142, 154, 167.

1

2

**B.      Procedural History And The FAC's Assertions About Defendants' 2022 Denial Of Plaintiff's Allegations In This Action**

3

On February 9, 2022, nine years after the alleged 2013 events—and just four

4 days before Mr. Broadus's much publicized Super Bowl Halftime Show

5 performance—Plaintiff filed this lawsuit against him, the Entity Defendants, and

6 Mr. Campbell.  The original complaint asserted one federal claim—violation of the

7 TVPA, 18 U.S.C. § 1595—and two state law claims for alleged sexual assault and

8 battery.  *See* Dkt. No. 1 (Compl.) ¶¶ 79-114.

9

On February 24, 2022, the defendants filed their Rule 12(b)(6) motions to

10 dismiss each of the original complaint's claims.   Plaintiff did not oppose those

11 motions.  Instead, on March 10, 2022, Plaintiff filed her First Amended Complaint,

12 which repeated the prior three claims from the original complaint, added a federal

13 claim for an alleged violation of Title VII (subsequently withdrawn, as explained

14 below), and added nine additional state law claims (the fifth through thirteenth

15 claims under California's FEHA, Labor Code, and defamation and emotional

16 distress common law).

17

The FAC added allegations against "Defendants" concerning a demand letter

18 from Mr. Broadus's counsel to Plaintiff's counsel on February 11, 2022, responding

19 to Plaintiff's allegations from her February 9, 2022, original complaint (FAC ¶ 103),

20 and a "statement" by an unidentified "spokesperson" allegedly "authorized" by

21 Defendants to "release"—to an unidentified journalist—a refutation and denial of

22 Plaintiff's allegations from her original complaint.   *Id.* ¶ 104.   The FAC does not

23 specifically allege whether this statement to the unidentified journalist was

24 published by any news media outlet.   *Id.*   The FAC also speciously claims

25 "Defendants" made "threats" of "criminal prosecution" but provides no factual

26 allegations supporting this assertion.  Instead, Plaintiff contends that Mr. Broadus's

27 one-time use of a "police emoji" in his February 2022 "gold digger" Instagram

28

ENTITY DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S FAC
Case No. 2:22-CV-00900-GW

1  post—which did not reference Plaintiff or her name—constituted such a purported

2  threat.  *Id.* ¶¶ 97-98.

3      The parties met and conferred about this Motion on March 16, 2022.  That

4  same day, after the meet and confer, Plaintiff's counsel represented that Plaintiff was

5  withdrawing her alleged Title VII claim, leaving TVPA as the lone federal claim.

6  Holtz Decl., Ex. 6.

7  **III.  LEGAL STANDARD**

8      "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks

9  a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable

10  legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive

11  a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a

12  claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

13  (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court

14  must disregard allegations that are legal conclusions, even when disguised as facts.

15  *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than

16  their extravagantly fanciful nature, that disentitles them to the presumption of

17  truth.").  A complaint is insufficient if it offers mere "labels and conclusions" or "a

18  formulaic recitation of the elements of a cause of action" without more.  *Id.* at 678.

19  After disregarding all of the "labels" and conclusory allegations, the Court must then

20  determine whether, based on the allegations that remain and all reasonable

21  inferences that may be drawn therefrom, the complaint alleges a plausible claim for

22  relief.  *Id.* at 678-679. "Determining whether a complaint states a plausible claim for

23  relief is 'a context-specific task that requires the reviewing court to draw on its

24  judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963

25  (9th Cir. 2016) (*quoting Iqbal*, 556 U.S. at 679)

26      A court may consider judicially noticeable materials beyond the pleadings,

27  and doing so does not convert a Rule 12(b)(6) motion into a Rule 56 motion for

28  summary judgment.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th

Cir. 2018); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, we may consider materials incorporated into the complaint or matters of public record."); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (discussing that a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment). Judicial notice under Federal Rule of Evidence 201 permits a court to take judicial notice of undisputed facts in matters of public record. *See, e.g., Khoja*, 899 F.3d at 999. In resolving parties' motions, California federal courts repeatedly take judicial notice of corporate filings with the California Secretary of State. *See, e.g., Martinez-Sanchez v. Anthony Vineyards, Inc.*, 2020 WL 469341, *4 (E.D. Cal. Jan. 29, 2020) (taking judicial notice of "defendants' corporate filings" publicly filed with the California Secretary of State); *Maggiulli v. Wells Fargo & Co.*, 2018 WL 2021435, *2 (C.D. Cal. Apr. 26, 2018) (taking judicial notice of "a document submitted to the California Secretary of State" as "a matter of public record" (*citing Lee*, 250 F.3d at 689)); *Juneau v. Kenner,* 2009 WL 10673055, *2 (C.D. Cal. May 14, 2009).[2]

"Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Martinez-Sanchez*, 2020 WL 469341, *4 (citing Fed. R. Evid. 201(b); internal quotations omitted). "[T]he accuracy of the source of

---

[2] *See also Gerritsen v. Warner Bros. Entm't Inc.*, 112 F.Supp.3d 1011, 1034 (C.D. Cal. 2015) (taking judicial notice of facts in a business entity profile on the California Secretary of State's website); *Penn-Star Ins. Co. v. Parties Fantastic, LLC*, 2020 WL 8024860, *1, n.2 (C.D. Cal. Aug. 7, 2020) (granting judicial notice of LLC's articles of incorporation); *Clark v. Transamerica Life Ins. Co.*, 2020 WL 5110295, *2 (E.D. Cal. Aug. 31, 2020) (taking judicial notice of the records from the California Secretary of State "as these are all matters of public record"); *New Box Solutions, LLC v. Davis*, 2018 WL 4562764, *4 (C.D. Cal. Sept. 18, 2018) (taking judicial notice of articles of organization and related documents from California Secretary of State's website; "California Secretary of State filings and its website are matters of public record, and are thus proper for judicial notice.").

ENTITY DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S FAC
Case No. 2:22-CV-00900-GW

the records—the websites of the California Secretary of State . . . cannot reasonably by questioned." *Id*.  *See also Smelt v. City of Orange*, 447 F.3d 673, 676 n.4 (9th Cir. 2006) (describing filings with the California Secretary of State as appropriate subjects of judicial notice).

## IV.   ARGUMENT

### A.   Plaintiff's TVPA Claim Fails

To state a claim against the Entity Defendants under 18 U.S.C. § 1595(a), the Trafficking Victims Protection Act ("TVPA"), Plaintiff must allege how each Entity Defendant "(i) 'knowingly benefits' (ii) from 'participation in a venture' (iii) that it 'knew or should have known' has engaged in sex trafficking. 18 U.S.C. § 1595(a)." *Eckhart v. Fox News Network, LLC*, 2021 WL 4124616, *11 (S.D.N.Y. Sept. 9, 2021) (granting Fox News Network's motion to dismiss plaintiff's TVPA claim).

Plaintiff does not articulate any *facts* for her TVPA claim, only conclusory recitations of the elements of the claim.  FAC ¶¶ 133-146.  Her TVPA allegations are limited to mere labels parroting the statute.[3]  Running afoul of *Twombly* and *Iqbal,* the FAC fails to put the Entity Defendants on notice of the alleged basis for Plaintiff's TVPA claim. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'").

The FAC does not—and Plaintiff cannot—allege any of the required factual allegations for a viable TVPA claim against the Entity Defendants.  The Entity Defendants did not exist in May 2013.  *See* Request for Judicial Notice; Holtz Decl. Ex. 1-5.  The FAC does not—and cannot—sufficiently allege that any of the Entity Defendants "knowingly benefited" from "participation in a venture" that they "knew

---

[3]     *See* FAC ¶ 139 ("Defendants subjected Plaintiffs to commercial sex acts by force and coercion, including both physical and financial."); ¶ 142 ("Defendants conditioned Plaintiff's employment, on Defendants' ability to continue to sexually assault and engage in forced sex acts."); ¶ 143 ("Defendants knowingly recruited, enticed, harbored, and/or obtained Plaintiff through means of force, threats of force, and by a combination of such forceful means[.]").

ENTITY DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S FAC
Case No. 2:22-CV-00900-GW

or should have known" has engaged in sex trafficking. 18 U.S.C. § 1595(a); *Eckhart*, 2021 WL 4124616, *11.

What little the FAC alleges against Mr. Broadus is insufficient to state a claim against him for the reasons articulated in his motion to dismiss.[4]   Similarly, those allegations fail to plead any facts that any Entity Defendant "knew or should have known" about any alleged sex trafficking. 18 U.S.C. §1595(a); *Eckhart*, 2021 WL 4124616, *11 (holding "none of the conduct that [plaintiff] alleges Fox News had knowledge of rises to the level of sex trafficking").  The FAC also fails to state how any Entity Defendant participated in or "knowingly benefit[ted], financially or by receiving anything of value" from the alleged sex act or purported trafficking.  18 U.S.C. §1595(a); *Corradino v. Liquidnet Holdings Inc.*, 2021 WL 2853362 (S.D.N.Y. July 8, 2021) (granting corporate entity's motion to dismiss when plaintiff's allegations "do not sufficiently plead that Liquidnet benefitted from any such [trafficking] scheme . . . the Complaint does not state a claim against Liquidnet for participation in sex trafficking").

Under the TVPA, "liability[] cannot be established by association alone[.]" *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (granting Robert Weinstein's motion to dismiss when plaintiff made  "conclusory allegations about Robert's involvement in Harvey's conduct.").   "Plaintiff must allege specific conduct that furthered the sex trafficking venture." *Id*. Here, the FAC provides no factual allegations of any Entity Defendants' "specific conduct." *Id*.  And, indeed, Plaintiff cannot make any such allegations since none of the Entity Defendants existed in 2013. *See* Request for Judicial Notice; Holtz Decl. Ex. 1-5.

The Entity Defendants' Motion should be granted because Plaintiff has not "supplied 'factual content that allows the court to draw the reasonable inference that

---

[4]   Each Entity Defendant joins Broadus's arguments that Plaintiff's FAC fails to allege a "commercial sex act" and that with the requisite knowledge, Mr. Broadus "enticed" Plaintiff in any way.  *See* Broadus's Motion to Dismiss, dated March 24, 2022; Entity Defendants' Notice of Joinder, dated March 24, 2022.

ENTITY DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S FAC
Case No. 2:22-CV-00900-GW

1   the defendant is liable for the misconduct alleged.'"  *Noble*, 335 F. Supp. 3d at 514

2   (citing *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 556).   The Court

3   should dismiss with prejudice Plaintiff's TVPA claim.

        **B.**     **Plaintiff's State Law Claims Also Fail**

4

5          With her withdrawal of the federal Title VII claim, Plaintiff's FAC is *a single*

6   *federal claim*—the defective TVPA allegations—wagging the tail of an *eleven-claim*

7   *state law complaint.*[5]   Without a viable TVPA claim, the FAC contains no other

8   federal claim and fails to allege diversity among the parties.   In dismissing the

9   TVPA claim, this Court need go no further, and can decline to exercise

10  supplemental jurisdiction over the FAC's remaining eleven state law claims.  *See* 28

11  U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental

12  jurisdiction over a claim [if] ... the district court has dismissed all claims over which

13  it has original jurisdiction[.]"); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350

14  n.7 (1988), superseded on other grounds by statute ("[I]n the usual case in which all

15  federal-law claims are eliminated before trial, the balance of factors to be considered

16  under the pendent jurisdiction doctrine—judicial economy, convenience, fairness,

17  and comity—will point toward declining to exercise jurisdiction over the remaining

18  state-law claims.").

19         If, however, the Court is inclined to address each of Plaintiff's eleven state

20  law claims, none should survive.

21         **1.**     ***Plaintiff's state law claims from her original complaint—for***

22                    ***sexual assault and battery—are time-barred.***

23         Plaintiff's original complaint included her second and third claims against the

24  Entity Defendants for sexual assault and sexual battery, and the FAC repeats them.

25  But Plaintiff's assault and battery claims are all based on conduct she alleges took

26

27  _____

    [5]     As noted above, Plaintiff withdrew the FAC's only other federal claim—the
28  fourth cause of action for alleged violation of Title VII—on March 16 shortly after
    the meet and confer on this Motion.  Holtz Decl., Ex. 6.

place on May 30, 2013.  *See* FAC. ¶¶ 48-95.  The FAC added nothing to salvage these time-barred claims from dismissal.  Each Entity Defendant joins Mr. Broadus's arguments that the state law claims are time-barred.  *See* Broadus's Motion to Dismiss, dated March 24, 2022; Entity Defendants' Notice of Joinder, dated March 24, 2022.

Separate from those arguments, the Court should dismiss these claims because Plaintiff fails to make the required factual allegations that any Entity Defendant committed a sexual assault or battery.  Although the FAC contends in conclusory fashion the Entity Defendants "sexually assaulted" and "sexually battered Plaintiff" (FAC ¶ 95), those labels are insufficient to state a cause of action.  *Iqbal*, 556 U.S. at 681.  Because these defendants are not human beings, the bald allegation that a business entity somehow "sexually assaulted and battered" someone is nonsensical. So is the allegation that the Entity Defendants—which undisputedly did not exist in May 2013—committed these alleged acts at that time.  *See* Request for Judicial Notice; Holtz Decl. Ex. 1-5.

Plaintiff does not allege how any Entity Defendant committed an alleged assault or battery or how it purportedly "ratified" such alleged conduct.  FAC ¶¶ 154, 167.  The FAC offers no explanation or other factual allegations supporting a purported "ratification" theory.  Similarly, Plaintiff fails to identify which Entity Defendant, if any, even employed her, or when that purportedly occurred—before, during, or after—the alleged May 2013 incident.  *Id.* ¶¶ 131, 142, 154, 167.  The FAC provides no factual allegations about what employment (or independent contractor relationship) Plaintiff claims she had with any Entity Defendant.  *Id*. Plaintiff simply fails to make any of the required factual allegations for her second and third causes of action against the Entity Defendants, let alone those sufficient to escape the general rule in California that an entity cannot be held liable for its agent allegedly sexually assaulting or battering a third party.  *See, e.g., Doe v. Uber Techs., Inc.*, 2019 WL 6251189 (N.D. Cal. Nov. 22, 2019) (granting corporate

entity's Rule 12(b)(6) motion); *John R. v. Oakland Unified School Dist.*, 48 Cal. 3d 438 (1989) (reversing Court of Appeal and holding trial court properly sustained entity defendant's demurrer); *Rita M. v. Roman Catholic Archbishop*, 187 Cal. App. 3d 1453 (1986) (affirming sustaining of demurrer and dismissal of entity defendant); *Alma W. v. Oakland Unified School Dist.*, 123 Cal. App. 3d 133 (1981) (same). *But see Mary M. v. City of Los Angeles* 54 Cal. 3d 202 (1991) ("unique" case of city's liability for sexual assault committed by an on-duty police officer).

Plaintiff's FAC adds no new factual allegations to salvage her time-barred claims from dismissal under the statute of limitations. As Plaintiff has now had two tries at stating the claims, and no claim can be alleged against entities that did not exist in May 2013, the Entity Defendants request these claims be dismissed with prejudice.

### 2. California's statutes of limitations bar each of the FAC's other claims based on 2013 conduct.

To the extent each of Plaintiff's newly added state law claims seek to hold the Entity Defendants liable for anything that allegedly occurred in May 2013, those claims are also time-barred. California's statutes of limitations for these claims range from one to two years,[6] and here there is no dispute that Plaintiff filed these

---

[6]    For each of Plaintiff's claims under California Government Code Section 12940—the fifth through eighth causes of action—Plaintiff needed to file an administrative complaint with the DFEH no later than "one year from the date upon which the alleged unlawful practice…occurred." *See, e.g., Pollock v. Tri-Modal Distribution Services, Inc.*, 11 Cal. 5th 918, 931 (2021) (citing Cal. Gov. Code § 12960, former subd. (d), as providing the applicable one year FEHA statute of limitations, before it was lengthened to three years). Plaintiff's ninth, tenth, and thirteenth causes of action (for defamation, false light, and violation of Labor Code Section 1102.5) are subject to California's one year statute of limitations. Code Civ. Proc. § 340(a), (c); *I & U, Inc. v. Wolters Kluwer Health, Inc.*, 2019 WL 2750890, *2 (C.D. Cal. May 6, 2019) (California's "statute of limitations for defamation and false light is one year"); *Fenters v. Chevron*, 2009 WL 4928362 (E.D. Cal. 2009) (one year statute of limitations under § 1102.5). Compare *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891 (2017) (up to three year statute of limitations under § 1102.5, depending on the alleged claim and remedy). Plaintiff's eleventh and twelfth causes of action for intentional and negligent infliction of emotional distress are subject to a two year statute of limitations. Code Civ. Proc. § 335.1; *Kaldis v. Wells Fargo*

1    claims more than eight years after the alleged May 2013 incident.  In addition, the

2    Entity Defendants did not exist in May 2013 (*see* Request for Judicial Notice), and,

3    accordingly, cannot be liable for any conduct alleged to have taken place then.

4              *3.      The FAC's newly added state claims fail to allege a claim.*

5              Plaintiff articulates virtually no *facts* under the headings for her newly added

6    state claims (the fifth through thirteenth causes of action), instead resorting to

7    incorporating by reference the FAC's earlier paragraphs and then reciting the

8    elements of each claim.  *See* FAC ¶¶ 171-258.  This style of pleading fails to put the

9    Entity Defendants on notice of the alleged conduct supporting Plaintiff's claim,

10   running afoul of *Twombly* and *Iqbal*.  *See Iqbal*, 556 U.S. at 678 ("To survive a

11   motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a

12   claim to relief that is plausible on its face.'").[7]

13             The FAC's FEHA and Labor Code claims (the fifth through eighth and

14   thirteenth causes of action), to the extent each is based on alleged events from 2013,

15   are time-barred.  *See* Section IV.B.2 *supra*.  To the extent each is based on alleged

16   events from 2022, these claims all fail because they do not—and cannot—allege that

17

18   _____

19   *Bank, N.A.*, 263 F. Supp. 3d 856, 867 (C.D. Cal. 2017) (intentional and negligent
     infliction of emotional distress claims "subject to the same two-year statute of
     limitations for personal injuries").

20   [7]     Each of the FAC's claims should be dismissed for their failure to identify any
     acts committed by any particular Entity Defendant.  Instead, the FAC impermissibly
21   lumps them all together in conclusory, generalized allegations.  *See, e.g., Yagman v.
     Wunderlich*, 2021 WL 6804219, *3 (C.D. Cal. Oct. 4, 2021) (holding complaint
22   failed Rule 8 pleading requirements where plaintiff referenced "Defendants"
     throughout the complaint "without specifying which defendants engaged in which
23   specific acts"); *Morris v. Sun Pharma Global*, 2021 WL 3913191, *3 (C.D. Cal.
     May 13, 2021) (granting motion to dismiss when the complaint impermissibly
24   "lump[ed] four defendants into [a] group…without identifying what each of the four
     [] Defendants allegedly did"); *Muir v. City of Placentia*, 2019 WL 8195237, *2-3
25   (C.D. Cal. Nov. 21, 2019); *In re iPhone Application Litig.*, 2011 WL 4403963, *8
     (N.D. Cal. Sept. 20, 2011); *Rendon v. County of Orange*, 2019 WL 4284521, *2
26   (C.D. Cal. May 23, 2019) (granting defendants' motion to dismiss because "[a]
     plaintiff suing multiple defendants cannot simply lump defendants together but
27   instead must allege the basis of his claim against each defendant to satisfy Federal
     Rule of Civil Procedure 8(a)(2)" (quotation marks omitted)).

28

1  in 2022 Plaintiff was an employee of any defendant or experienced any "adverse

2  employment action" against her.

3      To state an FEHA claim for harassment or retaliation under Government Code

4  Section 12940, a plaintiff must first allege an employment relationship with her

5  alleged employer. *See Vernon v. State of California,* 116 Cal. App. 4th 114, 123

6  (2004) (requiring "existence of an employment relationship" for FEHA liability). A

7  plaintiff must also allege that her "employer subjected [her] to an adverse

8  employment action." *Pinero v. Specialty Restaurants Corp.*, 130 Cal. App. 4th 635,

9  639 (2005). The same is true for a claim under Labor Code Section 1102.5. *See

10 Hansen v. California Dept. Of Corrections and Rehabilitation*, 171 Cal. App. 4th

11 1537, 1546 (2008) ("a prerequisite to asserting a Labor Code Section 1102.5

12 violation is the existence of an employer-employee relationship at the time the

13 allegedly retaliatory action occurred."); *Fenters v. Chevron*, 2009 WL 4928362, *7

14 (E.D. Cal. Dec. 14, 2009) (same). Asserting an "adverse employment action"

15 requires allegations of an action that "materially affects the terms, conditions, or

16 privileges of employment." *McRae v. Department of Corrections & Rehabilitation*,

17 142 Cal. App. 4th 377, 386 (2006). A plaintiff must allege that the employer's

18 retaliatory action "result[ed] in a substantial adverse change in the terms and

19 conditions of the plaintiff's employment." *Akers v. Cnty. of San Diego*, 95 Cal.

20 App. 4th 1441, 1455 (2002).

21      Here, Plaintiff does not allege she was an employee of any defendant in 2022;

22 she does not allege any facts concerning any workplace before or after the alleged

23 May 2013 events; and she does not allege any employer's action against her, let

24 alone an "adverse employment action" in 2022 that "result[ed] in a substantial

25 adverse change in the terms and conditions of [her] employment." *Id*. The FAC

26 fails to allege any 2022 employment, workplace, or how defendants' denials of

27 Plaintiff's allegations in this lawsuit against them would constitute any "adverse

28 employment action" against Plaintiff that "materially affect[ed] the terms,

conditions, or privileges" of her not-alleged, non-existent "employment." *McRae*, 142 Cal. App. 4th at 386. Nothing alleged in the FAC about what defendants said or did in 2022 in response to Plaintiff's allegations against them could be deemed an "adverse employment action."[8]

During the parties' meet and confer for this Motion, Plaintiff's counsel claimed two cases supported her erroneous position that Plaintiff experienced an "adverse employment action" in 2022 when she was <u>admittedly not employed by any defendant at that time</u>. The first case Plaintiff's counsel cited was *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185 (2013), but that decision concerned an unfair competition action under Business and Professions Code 17200 and did not address any purported adverse employment action. The second case Plaintiff's counsel cited was *Jones v. Tracy School Dist.*, 27 Cal. 3d 99 (1980), a wage and hour decision that also did not address an adverse employment action.

Plaintiff also fails to allege adequately that she was ever employed by any defendant before, during, or after the purported May 2013 incident. As stated above and established by their Request for Judicial Notice, the Entity Defendants did not exist in 2013. The FAC has provided no factual allegations of any employment agreement with the Entity Defendants (or Mr. Broadus), how Plaintiff was purportedly "supervised," whether or how she was purportedly paid, or any other alleged terms of the non-existent "employment relationship," including: when it started or ended, her work schedule, or the existence, location, or description of her alleged workplace.

For Plaintiff's remaining and newly added defamation and emotional distress claims, scouring the FAC and giving it the most generous reading, Plaintiff cannot satisfy their requisite elements. The FAC's infliction of emotional distress claims

---

[8]   Plaintiff does not allege that she sought and obtained a right to sue letter from the DFEH regarding any of defendants' alleged 2022 conduct or statements. Her prior DFEH complaint—which Plaintiff submitted to the State of California in December 2021—did not raise any 2022 conduct or statements.

ENTITY DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S FAC
Case No. 2:22-CV-00900-GW

fail to allege how defendants' speaking out against and denying Plaintiff's allegations in this case rises to the level of "outrageous" behavior. *See, e.g., Considering Homeschooling v. Morningstar Educ. Network*, 2008 WL 11413459, *7 (C.D. Cal Aug. 06, 2008) (calling plaintiff "a liar" not outrageous or "beyond the bounds of decency" as a matter of law); *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1129 (1989) (calling plaintiff "a liar" in the presence of others held not outrageous as matter of law); *McGough v. Univ. of San Francisco*, 214 Cal. App. 3d 1577, 1587-1588 (1989) (defendant "telling lies about Plaintiff" held not outrageous and "cannot, in our view, support an infliction of emotional distress claim"). The FAC's claim for negligent infliction of emotional distress also fails to allege any duty of care—required to maintain the claim—that the Entity Defendants purportedly owed Plaintiff when she threatened to sue them, then did sue them, and they reacted to her allegations in this case. *See* FAC ¶ 237; *Ragland v. U.S. Bank National Assn.*, 209 Cal. App. 4th 182, 205 (2012) (allegations of negligent infliction of emotional distress require plaintiff to allege "the violation of a duty owed directly to the plaintiff"). Finally, Plaintiff's purported defamation and false light claims fail to allege that defense counsel's litigation demand letter was sent to anyone other than Plaintiff's counsel, fail to allege adequately how anyone threatened Plaintiff with "criminal prosecution," and fail to allege that the so-called "Defamatory Statement" press release was published by any news media outlet. FAC ¶¶ 97-104, 219-238. The FAC also fails to allege how the Entity Defendants purportedly made "false" statements denying Plaintiff's May 2013 allegations against them when the judicially noticeable facts before this Court establish that the Entity Defendants never "sexually assaulted," "sexually battered," or "trafficked" Plaintiff when they undisputedly did not exist at the time she falsely claims these things purportedly occurred. *See* Request for Judicial Notice; Holtz Decl. Ex. 1-5. The FAC also contends that the "Defamatory Statement" purportedly creating a

"false light" was about someone named "Ms. Dickinson" (FAC ¶ 230), which is not Plaintiff's name.

## V.   CONCLUSION

For the reasons set forth above, the Entity Defendants respectfully request that the Court dismiss with prejudice the FAC's one federal claim (under the TVPA), as well as the eleven state law claims against them.

Dated:  March 24, 2022             LAW OFFICES OF STEFFENY HOLTZ

By:  */s/ Steffeny Holtz*
Steffeny Holtz

222 N. Pacific Coast Highway, Suite 2000
El Segundo, California 90245
Tel.: (323) 864-3227
Fax: (323) 940-4021
steffeny@sholtzlaw.com

*Counsel for Entity Defendants The Broadus Collection, LLC; Casa Verde Capital, LLC; Merry Jane Events, Inc.; and Snoop Dogg's LLC*

ENTITY DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S FAC
Case No. 2:22-CV-00900-GW

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

      I am over the age of 18 and not a party to the within action. My business address is 222 N. Pacific Coast Highway, Suite 2000, El Segundo, California 90245. On March 24, 2022, I served the foregoing document described as

5

6

7

**THE ENTITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

8

9

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

10

      **SERVED BY U.S. MAIL:** There are currently no individuals on the list to receive mail notices for this case.

11

12

13

      **SERVED BY CM/ECF:** I certify that, on March 24, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

14

15

      The following are those who are currently on the list to receive e-mail notices for this case.

16

17

      Matt Evan Orellana Finkelberg
matt@dereksmithlaw.com

18

19

      Jesse Asher Gessin
jesse@gessin.ltd; admin@gessin.ltd

20

21

22

      Jennifer L. Keller
jkeller@kelleranderle.com, cmckinney@kelleranderle.com, lcano@kelleranderle.com

23

24

      Jeremy W. Stamelman
jstamelman@kelleranderle.com

25

26

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 24, 2022, at El Segundo, California.

27

                         */s/ Steffeny Holtz*
                         Steffeny Holtz

28